Kidwell *et al. v.* The State, *ex rel.* Boyden *et ux.* .

———————⚬———————

KIDWELL ET AL. *v.* THE STATE, EX REL. BOYDEN ET UX.

GUARDIAN AND WARD.—*Guardian Discharged by Marriage of Ward.*—Under the statute (3 Ind. Stat. 283), the marriage of a female ward to a person of full age puts an end to the guardianship and requires the guardian to account.

SAME.—*Pleading.*—*Complaint on Guardian's Bond.*—*Conversion of Assets.*— Where, in a complaint upon a guardian's bond, the only allegation as to the estate that came to the hands of the guardian is, that there came to his hands on a certain day three several promissory notes, of a certain value at that date, without showing that they were due, or when they would become due, is bad, though it is alleged in general terms, as a breach of the bond, that the guardian converted said assets to his own use and benefit.

SAME.—If it is intended in such case to show that the guardian sold and assigned the notes, and used the proceeds for his own purposes, the facts. ought to be alleged.

From the Madison Common Pleas.

*M. S. Robinson* and *J. W. Lovett,* for appellants.
*W. R. Pierse* and *H. D. Thompson,* for appellees.

DOWNEY, C. J.—Suit by the appellee against the appellants on a guardian's bond. The complaint alleges that on the 25th day of January, 1871, Ira A. Kidwell, Mary J. Kidwell, Margaret E. Kidwell, William F. Kidwell, and Emma L. Kidwell, were minors and heirs of Henry J. Kidwell, deceased, and that on the said day Ira Kidwell was, by the clerk of the common pleas of Madison county, Indiana, appointed guardian of the persons and estates of said minors, then and there executing his bond, with Joseph Montgomery and Milton Kidwell as his sureties therein, all of whom are made defendants, in the penal sum of fifteen

thousand dollars, conditioned for the faithful and honest dis-charge of his duties as such guardian, a copy of which bond is filed herewith and made a part hereof; and the plaintiff further avers that there came into the hands of such guardian on the 18th day of February, 1871, three several promissory notes, of the value, at that date, of six thousand eight hundred and forty dollars, which fact was shown at that date by the inventory filed by the said guardian. It is further alleged that said Mary J. and said Isaac F. Boyden were legally married in the month of December, 1871, at which time the said Isaac F. was of full age; and that in the month of April, 1872, the relators demanded settlement with and payment of the amount due the said Mary J. as such ward, which demand the said Ira Kidwell, as such guardian, then and there refused; that he did not faithfully and honestly discharge his duties as he had obligated himself to do by the condition of his said bond. Four specific breaches of his bond were alleged, but the first and second were stricken out by the court on motion of the defendants. In the third it is alleged that the guardian failed and refused to pay over to said ward at the legal expiration of said guardianship the amount then due her, upon proper demand thereof, but on the contrary converted said assets to his own use and benefit, to the damage, etc. In the fourth it is alleged that the guardian converted all of said assets so received by him as aforesaid, to the amount of nine thousand dollars, including interest to this date, the one-fifth of which belonged to the said ward, to her damage, etc. The relators demanded judgment for three thousand dollars, the penalty of said bond, and that execution issue thereon in the sum of two thousand dollars, the damages sustained as aforesaid, and the further sum of nine hundred dollars, the damages specified by law in such case, making a total of twenty-nine hundred dollars; and that the same be collected without relief from valuation laws, and without stay of exe-cution, etc.

The defendants demurred to the complaint, for the reason

that it did not state facts sufficient to constitute a cause of action.  This demurrer was overruled, and the defendants excepted.  They then answered by the general denial and two special paragraphs.  A demurrer to the second paragraph was sustained, and there was a reply to the third, putting the case at issue.  A trial by the court resulted in a finding for the plaintiffs, on which, after a motion for a new trial had been made and overruled, there was final judgment in their favor.

It is assigned as error that the court improperly overruled the demurrer of the defendants to the complaint.

We have not deemed it necessary to set out the bond, as it is in the usual form.  It is provided by statute, 3 Ind. Stat. 283, that "the marriage of any female ward to a person of full age, shall operate as a legal discharge of the guardianship, and the guardian shall be authorized to account to the wife with the assent of the husband."  This statute, we think, should be construed as requiring the guardian to account.  The marriage puts an end to or discharges the guardianship, and it would seem to follow, as a consequence, that the guardian must account.

The first objection made to the complaint is, that there is no copy of the bond on which the suit is brought in the record.  This objection has been obviated by the return to a writ of certiorari, which brings up the copy of the bond, with a certificate showing that it was filed with the complaint.

Any bond given by a guardian may be put in suit by any person entitled to the estate ; and such suit is to be governed by the law regulating suits on the bonds of executors and administrators.  2 G. & H. 568, sec. 13.  Section 162, p. 529, 2 G. & H., declares when an action may be brought on the bond of an executor or administrator.

The only allegation as to the estate which came to the hands of the guardian in this case is this : "That there came into the hands of such guardian, on the 18th day of February, 1871, three several promissory notes, of the value at that date

of six thousand eight hundred and forty dollars, which fact was shown at that date by the inventory filed by the said guardian." It is urged by counsel for the appellants that the complaint is bad, because it does not show that the notes which are alleged to have come into the hands of the guardian were due, or when they were to become due. It seems to us that this objection is well taken. The guardian could not account for the money and pay it over, unless it had been collected by him, and he could not collect it upon notes not yet payable. We cannot presume that the notes were due. But it is insisted by counsel for the appellees that the complaint is good, on the ground that it avers a conversion of the estate of the ward to the use of the guardian. The third breach specifically assigned alleges that the guardian "converted the said assets to his own use and benefit." The fourth breach alleges that the guardian converted the assets, but does not allege how or to whose use they were converted. If the notes were not due, we cannot see how they could have been converted to the use of the guardian, to the damage of the ward. If it is intended that the guardian sold and assigned the notes and received the proceeds and used the same for his own purposes, the facts ought to be alleged. Where the complaint avers that the guardian converted "said assets" to his own use, we must understand that reference is made to the notes, which are the only assets alleged to have come to his hands. If the guardian failed to do his duty in collecting the notes, that would not warrant the allegation that he had converted the assets to his own use, or sustain such an allegation in the pleadings.

We do not consider it necessary to consider the question presented as to the sufficiency of the evidence, but we may remark that, at the time of the marriage of his ward, the evidence shows that the money in the hands of the guardian was all out on loan. The demand for the accounting and settlement and the failure to account took place in October, 1872, and this action was commenced in November of that year. We fail to find any evidence in the record to

show that the guardian had converted the notes or the assets in his hands to his own use, either before or after the demand.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.