THE STATE, EX REL. HUTSON, *v.* JOEST ET AL.

GUARDIAN AND WARD.—*Decedents' Estates.*—*Marriage of Infant Female.*—An infant female when married to a man of full age can have no guardian, and she may receive her estate from her guardian, and may also receive her distributive share of her father's estate, with the assent of her husband.

SAME.—A payment made to the husband by such administrator or guardian, with her assent and by her direction, is good as to her.

SAME.—If both the husband and wife are infants, such payments will not be good.

SAME.—If such payments have been made while both the husband and wife were infants, the money so paid need not be tendered back before suit is brought by the wife to recover the same of such guardian or administrator.

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies*, for appellant.

*J. Pitcher*, *H. C. Pitcher*, *E. M. Spencer*, and *W. Loudon*, for appellees.

DOWNEY, J.—Suit by the appellant against the appellees, on a bond given by the appellees for the faithful discharge of his duties by Joest, as administrator of the estate of one Rhodes Rogers, deceased. The complaint alleges that the court ordered Joest to make final settlement and distribution of said estate; that on such settlement there was due the relatrix twelve hundred and fifty-two dollars and sixty-six cents; that demand had been made on Joest to pay the same to her, which he had failed and refused to do.

The defendants answered:

1. That after the order of distribution was made and while a portion of said distributive share yet remained in the hands of said Joest, a succession tax amounting to twelve dollars and fifty-seven cents was levied upon said share by the United States revenue assessor of the district in which he held said estate, which amount he paid to the collector of revenue for said district. And they aver that on or about the 1st day of March, 1870, said Joest conveyed to Richard Hutson, the husband of the relatrix, in accordance with her directions and consent, a certain house and lot situated in

the town of Wadesville, etc., which house and lot said Martha Hutson and her said husband, who was then of the age of twenty-one years, accepted as a payment of nine hundred dollars, made in advance, upon her said distributive share, and she and her said husband used and occupied said house and lot for the term of one year, and then sold the same for the sum of one thousand four hundred dollars; and on the 15th day of May, 1871, said Joest paid to her and her said husband the further sum of one hundred dollars; and on the 1st day of July, 1871, he paid to her and her said husband the further sum of one hundred and twenty-five dollars; and on the 1st day of October, 1871, he paid the further sum of eight dollars and sixty cents; and on the 15th day of November, 1871, he paid the further sum of one hundred and one dollars and thirty-six cents to her said husband, at her instance and request; and the remainder of said distributive share, amounting to fifteen dollars and fifteen cents, he tendered to the relatrix, Martha Hutson, before the commencement of this action, and has ever since kept the same for her use, and they now here bring into court the sum of sixteen dollars for the use of said relatrix; wherefore, etc.

3. That upon final settlement, the distributive share of the relatrix in said estate was found by the court to be one thousand two hundred and sixty-two dollars and sixty-two cents; and that on March 1st, 1870, said Joest paid in advance to the husband of said relatrix, with her consent, the sum of nine hundred dollars, and on the 12th day of May, 1871, the further sum of one hundred dollars, and on the 24th day of July, one hundred and twenty-five dollars, and on the 18th day of October, eight dollars and sixty cents, and on the 15th day of November, one hundred and one dollars and thirty-six cents, and on the 8th day of November, 1871, he paid the succession tax levied upon the same, amounting to twelve dollars and fifty cents; and before the commencement of this action he tendered the remainder of her said distributive share to her, to wit, fifteen dollars and fifteen cents, and they now here bring the said sum into court for her use. Defendants aver that the hus-

band of said relatrix, Richard Hutson, was, at the time said payments were made, of the age of twenty-one years; wherefore, etc.

There is no second paragraph of answer in the record.

To the first paragraph of the answer the plaintiff replied:

1. That the payments mentioned in said paragraph of said answer were made to said Martha Hutson when she was an infant, under the age of twenty-one years.

2. That the said payments were made to the said Martha Hutson and Richard Hutson, when she was an infant under the age of twenty-one years, and were not made to her for any necessaries suitable to her condition in life; wherefore, etc.

4. That at the time of the payments mentioned in said paragraphs and at the time of the conveyance of said house and lot to the said Richard Hutson, and at the time of the conveyance of the same by the said Richard Hutson and Martha Hutson, she, the said Martha, was an infant under the age of twenty-one years; wherefore, etc.

To the third paragraph of the answer, the plaintiff replied as follows:

5. That the payments mentioned in said paragraph were made when she, the said Martha Hutson, was an infant under the age of twenty-one years; wherefore, etc.

To both paragraphs of the answer, the plaintiff replied as follows:

6. That the said payments mentioned in the answer were made to said Richard and Martha Hutson, when they, the said Richard and Martha, were infants under the age of twenty-one years; wherefore, etc.

There is no third paragraph of reply in the record.

The defendants demurred to the several paragraphs of the reply separately, and the paragraphs were all adjudged bad; and thereupon judgment was rendered for the defendants.

The rulings of the court on the demurrers to the paragraphs of the reply are the alleged errors. By the twelfth section of the act relating to guardian and ward, 2 G. & H. 568, it was enacted, that the marriage of any female ward to

a person of full age should operate as a legal discharge of her guardianship; and the guardian was authorized to account to her husband in the same manner as if she had arrived at full age. This act was so amended by an act in 1863, 3 Ind. Stat. 283, as to authorize the accounting to the wife with the assent of the husband. The object of the amendment was, no doubt, to prevent the husband from getting possession of the estate of his wife in the hands of her guardian without her consent. At common law, doubtless, the husband might receive and retain the distributive share of his wife in the estate of her father. Now, however, such share is her own separate property, which the husband has no right to receive and retain as his own property. Acts 1853, p. 57, copied in 1 G. & H. 295.

The effect of the statute to which we have referred is, that an infant female, when married to a man of full age, can have no guardian; and we think it must follow that she may receive her estate from her guardian, and may also receive her distributive share of her father's estate, with the assent of her husband. If she can not do so, then no payment can be made to her or for her use and benefit until she has arrived at full age. We think that a payment made to the husband, with her assent and by her direction, is good as to her. It is, in substance, a payment to her. We come to the conclusion, then, that the first, second, fourth, and fifth paragraphs of the reply were bad. The sixth paragraph of the reply, which alleges that both the husband and wife were infants, we think, is good.

It is said in the brief of counsel for appellant, that the circuit court decided the case against the appellant on the ground that "the plaintiff did not tender back the money nor allege she did not have it." Conceding, as alleged in the sixth paragraph of the reply, that both the husband and the wife were infants, we think the reply good without a tender or offer to return the money or to reconvey the land. If she should be held bound to return the money, etc., the payment might as well be held valid, notwith-

standing the infancy of her and her husband. If she could not refund the money, etc., the payment must stand good. It has been frequently held by this court that when an infant has sold and conveyed his real estate, he need not, in order to disaffirm the deed, return the purchase-money. *Miles* v. *Lingerman*, 24 Ind. 385; *Pitcher* v. *Laycock*, 7 Ind. 398; *Law* v. *Long*, 41 Ind. 586. We see no reason why the same rule should not apply in this case. The protection which the law designs to afford to infants can not be extended to them in any other way. If administrators, guardians, and others having the money of infants in their hands can deliver it to them, and thus put it in their power to squander it, and when called to account can insist that the squandered money shall be restored before they shall be required to account, the protection designed to be afforded to infants amounts to nothing. Because of the ruling of the court on the demurrer to the sixth paragraph of the reply, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the sixth paragraph of the reply, and for further proceedings.