## EX PARTE POST, GUARDIAN.

MARRIED WOMAN.—*Guardian and Ward.*—In this State, a married woman, though an infant, cannot have a general guardian of her person or property, if her husband be of lawful age.

SAME.—Such infant married woman may sue alone in reference to her separate property by a guardian *ad litem* or next friend.

From the Marion Civil Circuit Court.

*S. Claypool, J. L. Mitchell,* and *W. A. Ketcham,* for appellant.

PETTIT, J.—This is an appeal from a final order of the Marion Civil Circuit Court refusing to entertain jurisdiction of an account current filed by Post as guardian of Emma S. Vorster, and a judgment against him personally for costs in and about the filing of said account current. The facts in the case are few, and are contained in the order of the court and accompanying bill of exceptions, and there is really but one question of law in the case.

The facts as set forth in the record are as follows:

November 18th, 1870, Charles Post was appointed guardian of Emma Schurman, who was sixteen years of age; that he continued as such guardian until about the 1st of July, 1872, when she intermarried with one Alphonse Vorster, her present husband; that afterward, about October 23d, 1872, said guardian fully settled and accounted with said minor with the assent of her husband for his acts as such guardian ; that afterward, said Emma S. and her husband selected said Post as guardian of the estate of said Emma S., who was thereupon appointed and duly qualified as such guardian, and has ever since acted as such; that afterward, on the 30th of March, 1874, said guardian filed his annual account current of his doings as such guardian, which was by order of the court referred to Howard Cale as commissioner, for examination and report, who, on the 13th of July, 1874, made his report. on which the guardian moved the court to approve his account current and fix his

liability on his bond. Mrs. Vorster was at this time nine-teen years of age; this motion the court refused to entertain, finding specially the facts above shown, and also that the account current was a proper one and should be approved, if the court had jurisdiction thereof, but that on account of said marriage, said Emma S. Vorster could not have a guardian, and said Post could not act as such, and the court had no jurisdiction over the guardian's accounts current, the report of the commissioners, or any of the facts appearing in the record.

There was no error in the ruling of the court below. A married woman, though an infant, cannot, in this State, have a general guardian of her person or property, if her husband be of legal age. 3 Ind. Stat. 283, sec. 12; *Kidwell* v. *The State, ex rel. Boyden*, 45 Ind. 27 ; *The State, ex rel. Hutson*, v. *Joest*, 46 Ind. 235.

Such infant married woman may sue alone in reference to her separate property, but in such case she must have a guardian *ad litem* or next friend for that particular suit. 2 G. & H. 41, sec. 8; 1 G. & H. 377, sec. 14.

To hold that a married woman with a husband over twenty-one years of age, though she be a minor, may or must have a general guardian other than her husband, for her person or property, would be a violation of all our ideas of secular and divine law.

The judgment is affirmed, at the costs of the appellant.