## SHOOK ET AL. *v.* THE STATE, EX REL. McCAMPBELL.

GUARDIAN AND WARD.—*Foreign Guardian.*—*Demurrer.*—*Capacity to Sue.*— Where a foreign guardian sues to recover personal estate of his ward in this State, the fact that the complaint does not show that the guardian has complied with the provisions of the act of May 3d, 1869, 2 Rev. Stat. 1876, p. 593, in regard to the filing of an authenticated copy of his appointment, cannot render the complaint bad on demurrer assigning as cause the want of sufficient facts.

SAME.—*Suit on Guardian's Bond.*—*Pleading.*—Suit by a foreign guardian of a minor, upon the bond of a former domestic guardian of said minor, conditioned for the faithful discharge of said former guardian's duties as such guardian, and the faithful accounting for, and payment of, all moneys that might arise from the sale of certain lands of his said ward, ordered by the proper court, named, to be sold by said former guardian

as such, it being alleged in the complaint that said former guardian, with his sureties, executed said bond, that said proper court ordered the sale of said lands, that, under said order, said former guardian sold said lands, that he received therefor a certain sum of money, that at a certain subsequent term of the proper court, named, he was removed from his guardianship and his letters superseded, and that he converted said money to his own use.

*Held,* that the complaint was not rendered insufficient by the fact that it did not allege the approval of the bond by the court or the appraisement, required by statute, of the property to be sold.

*Held,* also, that the allegation that the guardian converted the money to his own use showed a breach of the bond, and was sufficient without alleging in what manner the money was so converted.

*Held,* also, that the complaint was not insufficient for failing to show a demand, before suit, of the money due.

*Held,* also, that it was not necessary in such complaint to show that the original bond given by said former guardian upon his taking out letters of guardianship had been exhausted, or that the sureties thereon were worthless.

From the Ripley Circuit Court.

*E. P. Ferris,* for appellants.

*G. Durbin,* for appellee.

WORDEN, C. J.—This was an action by the State, upon the relation of McCampbell as guardian of the minor heirs of Charles N. Shook, deceased, against the appellants, upon a bond executed by David W. S. Shook, as the former guardian of the same heirs, and his sureties.

The bond was executed by Shook and his sureties, to secure the faithful discharge of his duties as such guardian, and the faithful accounting for, and payment of, all moneys that might arise from the sale of certain lands of the wards, ordered by the court of common pleas of said county to be sold by said Shook, as such guardian.

The defendants demurred to the complaint for want of sufficient facts, but the demurrer was overruled, and they excepted.

Such further proceedings were had in the cause as that final judgment was rendered for the plaintiff. No question is made here, except that arising upon the overruling of the

demurrer to the complaint. We proceed to consider the objections now urged to the ruling.

It appeared by the complaint that the relator, McCampbell, was a foreign guardian, appointed by the Circuit Court of Muscatine county, Iowa; and it did not appear thereby that he had complied with the provisions of the act of May 3d, 1869, 2 Rev. Stat. 1876, p. 593, in regard to filing an authenticated copy of his appointment, etc. It is claimed by the appellants, therefore, that the demurrer should have been sustained; and the case of *Wade* v. *Fite*, 5 Blackf. 212, is cited in support of this view.

In that case, it was held, under the statute then in force, that if the appointment has been made in another state, the guardian must file a copy of his appointment, and give bond and surety for the faithful discharge of his duty, before his authority can be recognized in our courts.

Doubtless, also, the act of 1869 must be complied with, in respect to filing a copy of the appointment and giving bond, where the same is required, before a foreign guardian can proceed to take possession of property and sue for assets, as provided for by that act.

In the case cited, it does not at all appear how the question arose. Hence, that case throws but little light upon the question here involved.

Two questions on this point seem to arise. First, was it necessary that the complaint should show, affirmatively, that the relator had complied with the act of 1869? If so, was the objection taken in the proper manner? The view which we take of the second question renders it unnecessary that we should pass upon the first.

Assuming, without deciding, that the complaint should have shown by its averments that the relator had taken the steps required by the act of 1869, in order to authorize him to sue, still, a demurrer assigning for cause only the want of sufficient facts does not reach the defect. There are facts enough averred, as will be seen hereafter, to constitute a cause of action against the defendants, in favor of the minor

heirs of Charles N. Shook, deceased. They could sue by their next friend or by their guardian.

If that guardian had not taken the necessary steps to authorize him to sue, as such, the objection went to his capacity to sue, and the demurrer should have pointed out this objection.

The want of capacity to sue is made a specific ground of demurrer, where the defect appears upon the face of the complaint; and where it does not thus appear, the objection may be taken by answer; and if not taken in either of these modes, it is waived. 2 Rev. Stat. 1876, p. 56, sec. 50; p. 59, sec. 54. See, as to the point that in such case the demurrer should specify the want of capacity to sue, as the ground thereof, Voorhies' Code, 1873, p. 206, note to subdivision 2.

It is objected that the complaint does not allege that the bond was approved by the court. The statute provides for the approval of such bonds by the court authorizing the sale of the property. 2 Rev. Stat. 1876, p. 596, sec. 19.

The complaint does not, in terms, allege that the bond was approved by the court; but it alleges that the guardian, with his sureties, executed the bond.

The term " execution," as applied to the making of deeds or written contracts, includes the delivery.

The statute last above cited provides, that, "upon such bond being filed and approved by the court, the court shall order the sale of such real estate," etc. The complaint alleges that the court ordered the sale of the property.

Now, as the court could not rightfully have made the order for the sale of the land by the guardian, without having approved the bond, and as it will be presumed that all things have been rightfully done in a court of justice, unless the contrary appear, it will be presumed that the court approved the bond.

It is also objected, that the complaint does not show the appraisement of the property to be sold, as required by the statute, whereby the amount of the bond to be given might be ascertained. As the property was ordered to be sold, it

will be presumed, the contrary not appearing, that all the necessary preliminary steps were properly taken.

The complaint alleges the sale, by said guardian, under the order of the court, of several parcels of real estate, describing them particularly, and that he received therefor several sums of money, amounting to over twelve hundred dollars, and that, at the February term of the Ripley Circuit Court, for the year 1874, he was removed from the guardianship of said wards, and his letters superseded

The following breaches are assigned:

"1. The said David W. S. Shook, as such guardian, received the several sums of money hereinbefore specified, upon the sale of said real estate, and converted the same to his own use, and has refused to pay the same into court when ordered to do so, or to expend the same in the education, support and maintenance of his said wards.

"2. That he has failed to account for the money arising from said sales, according to law."

It is objected that these breaches are insufficient; that the second is a mere conclusion of law, and that the latter part of the first is insufficient, because it is not averred that any order of the court was ever made to pay the money into court, nor that it was necessary to expend any money for the education, support and maintenance of the wards.

And it is objected, that the part of the first breach which charges that the guardian converted the money received by him on the sale of the land to his own use is insufficient, because it does not show how it was converted; and, in support of this objection, the case of *Kidwell* v. *The State, ex rel. Boyden*, 45 Ind. 27, is cited. That was a case of the conversion of promissory notes, and not of money.

We think that the allegation that the guardian converted the money to his own use was sufficient, without showing how, or in what manner, it was converted to his use.

And we think the allegation that the guardian converted the money to his own use shows a breach of the bond;

therefore, we need not inquire as to the sufficiency of the residue of the breaches.

It is also objected, that the action cannot be maintained, without a previous demand of the money due.   We are of a different opinion.

The statute provides, that " it shall be the duty of every guardian of any minor, * * * at the expiration of his trust, fully to account for and pay over to the proper person, all of the estate of said ward remaining in his hands." 2 R. S. 1876, p. 589, sec. 9.   When the guardian was removed, his trust expired, and it was his duty to pay over the money of his wards to the proper person without demand.   *Voris* v. *The State, ex rel. Davis,* 47 Ind. 345.

Finally, it is objected, that the bond could not be sued upon until the original bond, given by the guardian upon his taking out letters of guardianship, was exhausted, or the sureties thereon were shown to be worthless.   The authorities are the other way.

The cases upon this point are collected in the case of *Colburn* v. *The State, ex rel. Arnold,* 47 Ind. 310, and we need not here go over them again.

There is no error in the record, and the judgment below must be affirmed. 

The judgment below is affirmed, with costs, and five per cent. damages.