HAINES ET AL. *v.* THE STATE, EX REL. SHOPE ET UX.

GUARDIAN AND WARD.—*Marriage of Ward.*—*Payment to Husband.*—An infant ward, who has married a man of full age, is bound by a payment made by her guardian to her husband, by her direction.

SAME.—*Settlement with Husband.*—Where, by her consent and direction, the husband of such ward has made a final settlement with her guardian, she is bound thereby.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellants.

*T. J. Kane* and *A. F. Shirts*, for appellees.

Howk, J.—This was an action, in the court below, on a guardian's bond, by the relators of the appellee, as plaintiffs, against the appellants, as defendants.

In the complaint, it was alleged, in substance, that, on the 5th day of May, 1866, the appellant Francis V. Haines was duly appointed guardian of the person and estate of the relatrix, Mary J. Shope, whose name then was Mary J. Haines, but who had since intermarried with her co-relator, Alfred N. Shope; that the appellant duly qualified and took upon himself the duties of his trust as such guardian; that he and his co-appellant, David Bailey, executed a bond, conditioned for the faithful performance, by said Francis V. Haines, of his duties as such guardian, a copy of which bond was filed with, and made part of, said complaint; that there was a mistake in said bond, so executed by the appellants, in this: that the said Mary J. Haines was described, in the condition of said bond, as the minor heir of James Lackey, whereas she was in fact the minor heir of Jonathan Haines; that said bond was in the penal sum of four hundred dollars; that, after the execution of said bond, the appellant Francis V. Haines, as such guardian, received six hundred dollars in money, the property of his said ward, Mary J. Haines; that the appellant Francis V. Haines did not faithfully discharge his duties as such guardian, in this: that he failed to report to the proper court the amounts of money which came into his hands as such guardian, belonging to his said ward, within the time prescribed by law; that he failed to charge himself with, or to account for, said sum of six hundred dollars, so received by him as such guardian; that he also failed to charge himself with, or to account for, any interest on said sum of six hundred dollars, which interest also went into his hands as such guardian; and that he failed, as such guardian, to report to the proper court, every two years, his proceed-

ings in the matter of said guardianship; that, about four years ago, the said Mary J. intermarried with her co-relator, Alfred N. Shope, who was, at the time of said marriage, of full and lawful age; and that the appellant Francis V. Haines, although often requested, had wholly failed and refused to settle with the relators, and to pay over to them said sum of six hundred dollars and the interest thereon, belonging to the relatrix, Mary J. Shope. Wherefore, etc.

To this complaint, the appellants answered in five paragraphs, in substance, as follows:

1. A general denial;

2. That, on or about the 1st day of October, 1871, and after the intermarriage of the relators of the appellee, the appellant Haines had a full and complete settlement with said relators of all matters relating to said guardianship, and turned over to them, in goods, chattels and money, all funds of every description, and fully accounted for all that ever came into his hands as such guardian; and the appellants averred, that no cause of action had accrued to said relatrix, in relation to said guardianship, since said settlement was made;

3. The third paragraph did not differ materially, in its averments, from the second paragraph of the answer;

4. In the fourth paragraph of their answer, the appellants said, that, before the commencement of this action, they fully paid and accounted to the relatrix, Mary J. Shope, for all money and effects that ever came to the appellant Haines, as her guardian; and,

5. That, on the 5th day of October, 1871, the appellant Haines, as guardian of the relatrix, had a full and complete settlement of all the matters relating to said guardianship with the relator, then the husband of said relatrix, which settlement was made with her knowledge and consent, and at her special instance and request; that, at said settlement, he paid over and accounted to said relator for all money and effects remaining in his

hands as such guardian, and took a receipt for the same; that, at said settlement and accounting, there was found due the appellant Haines the sum of twenty dollars, overpaid by him, as such guardian, to the relatrix; that the receipt then given was intended by the parties to be in full, and to show that said settlement was final; but, by the mistake of the draftsman, the words giving it that effect were omitted. Wherefore the appellants asked that said mistake be corrected, and that the matters of said guardianship be declared settled, and the appellants discharged from all further liability in relation thereto, and for all other proper relief.

The appellee's relators replied by a general denial to the affirmative paragraphs of the appellants' answer.

The issues joined were tried by a jury in the court below, and a verdict returned for the appellee's relatrix, assessing her damages at one hundred and ninety-three dollars and sixty-six cents. The appellants' motion for a new trial was overruled, and to this decision they excepted; and judgment was rendered on said verdict.

In this court the appellants have assigned, as error, the decision of the court below, in overruling their motion for a new trial.

Among the causes for such new trial, assigned by the appellants, was the refusal of the court below to give the jury certain written instructions asked for by the appellants, to which refusal they at the time excepted. These instructions are properly in the record, and among them was the following:

"4th. Any payments made by the defendant Haines to the husband of Mary J. Shope, after her marriage, are valid and binding as to her, if they were made to her husband, with her knowledge, consent and direction."

By section 12 of "An act touching the relation of guardian and ward," approved June 9th, 1852, as such section was amended by an act approved February 21st, 1863, it is provided, as follows:

" Sec. 12. The marriage of any female ward to a person of full age, shall operate as a legal discharge of the guardianship, and the guardian shall be authorized to account to the wife with the assent of the husband." 2 R. S. 1876, p. 591.

As the guardian is authorized to account to the infant wife, in and by the provisions of this section, it must follow that such infant wife may lawfully account and make a valid settlement with her guardian, in the case mentioned, and in the manner provided in said section. Whatever such wife may lawfully do under the authority of the section cited, surely she may lawfully authorize her husband to do for her and in her behalf.

In the case of *The State, ex rel. Hutson,* v. *Joest,* 46 Ind. 235, it was held by this court, in commenting upon the effect of said section 12, above cited, that a payment made by a guardian to the husband of an infant wife, with her assent and by her direction, was good as to her. " It is, in substance, a payment to her."

It seems very clear to us, therefore, that the court below erred in refusing to give the fourth instruction, above set out, to the jury trying the cause. The instruction was pertinent to the evidence, which is properly in the record; and it seems to us, that the error of the court in refusing this instruction was not cured by any of the instructions given by the court of its own motion.

The evidence showed very clearly, we think, that payments were made by the appellant Haines to the relators of the appellee, after their intermarriage; for the amount of which payments the guardian was certainly entitled to credit, without regard to the question whether he had or had not finally accounted to, and settled with, the relatrix, with the assent of her husband.

The relatrix testified on the trial in her own behalf, and while she positively asserted, that she had never authorized her husband to make a final settlement with her guardian for her, yet she does not deny that payments were

made by the appellant Haines to her husband, with her knowledge and consent, and by her direction.

The court below, very properly we think, instructed the jury, that, if they found that the appellant Haines had made a settlement in full of all moneys in his hands, as such guardian, with the husband of his ward (said husband being of full age), with her consent and under her directions, they should find for the appellants. But we think, that, under the evidence in the record, the court should also have instructed the jury, as requested by the appellants in said fourth instruction, that " any payments made by the defendant Haynes to the husband of Mary J. Shope, after her marriage, are valid and binding as to her, if they were made to her husband, with her knowledge, consent and direction."

For the error of law occurring at the trial, and excepted to by the appellants, and assigned by them as cause for a new trial, in refusing to give the said fourth instruction to the jury trying the cause, in our opinion, the court below erred in overruling the appellants' motion for a new trial.

The judgment is reversed, at the costs of the appellee's relators, and the cause is remanded for a new trial.