The State, *ex rel.* Haines *et al., v.* Parrish *et al.*

Filed May 15, 1891.

---

## No. 57.

### THE STATE, EX REL. HAINES ET AL., *v.* PARRISH ET AL.

DIVORCE.—*Effect on Property Rights.—Judgment Conclusive.—Separate Property of Wife.*—A divorce, in this State, ends all rights dependent on marriage, and not actually vested; divests each party of executory property rights having no basis except the coverture, and whatever rests on marriage falls with it. The judgment is conclusive as to questions concerning property rights growing out of the marital relation, such questions being adjudicated by the decree. But the separate property of the wife is not affected by the decree, even though her husband hold it in trust for her.

GUARDIAN AND WARD.—*Marriage of Ward.—Accounting.*—The marriage of a female ward to a person of full age terminates the guardianship, and the guardian must then account. Upon such marriage the fiduciary relation ceases, and her guardian becomes her debtor for the remainder in his hands.

SAME.—*Payment to Ward's Husband.*—An infant ward is bound by a payment made to her husband, by her guardian, with her consent.

SAME.—*Estoppel by Recitals in Guardian's Bond.*—A guardian and his surety are estopped from disputing the authority of the court to appoint him guardian, and from denying that he was guardian, as recited in the bond, for the purpose of excusing a retention of the ward's property.

SAME.—*Allowance for Services.—Failure to Perform Duty.*—A guardian can not claim an allowance for services, when sued on his bond, if he has failed to perform his statutory duty as such guardian.

SAME.—*Guardian Marrying Ward and Living in Her House.*—If a guardian marry his infant ward, and live with her in her house as their home;

The State, *ex rel.* Haines *et al., v.* Parrish *et al.*

or if he rent such house, with her consent, and the rent received by him is used and expended by him and her for provisions to live on and for necessaries in housekeeping, he is not liable on his bond for the rent of such property or for the money so received.

PLEADING.—*Partial Answer as a Plea in Bar.*—A partial answer can not serve as an answer in complete bar.

From the Warren Circuit Court.

*W. L. Rabourn,* for appellant.

*W. P. Rhodes,* for appellees.

BLACK, C. J.—This was an action, upon the relation of Lulu Haines and her husband, Joseph Haines, upon a guardian's bond, in the sum of six hundred dollars alleged by the complaint to have been filed by the appellee, George W. Parrish, as principal, with the other appellees as his sureties, upon the appointment of said George W. Parrish as guardian of the relatrix, then Lulu Parrish, by the Warren Circuit Court.

The complaint showed the approval of the bond by said court, on the 20th day of March, 1886, and alleged that said George W. Parrish immediately entered upon the duties of the trust, and possessed himself of the money of said ward in the sum of six hundred dollars.

The breaches alleged were, in substance, as follows :

*First.* That said guardian had failed and refused, and still failed and refused, to make and file an inventory of the property of said ward which came into his hands.

*Second.* That he had never filed in said court any report of the receipts and disbursements, or other matters required of him by law, though nearly three years had elapsed since said appointment.

*Third.* That notwithstanding said trust was terminated on the 22d of October, 1888, by the ward's marriage with said Joseph Haines, a person of the age of twenty-two years, and immediately after said marriage the relators demanded of said guardian an accounting and settlement, he had failed and refused to account and to make settlement, or

any report in said trust, and had failed and refused to pay to the relators the moneys due them in said trust; and that there was due said ward, in the hands of said guardian, on account of said guardianship, two hundred dollars, and he refused to pay the same.

*Fourth.* That the guardian had wholly failed to loan the ward's money at interest, and it could have been loaned at eight per cent. interest; but he had converted it to his own use, and wholly failed and refused to account for it and to pay it to the ward.

*Fifth.* That the guardian had collected large sums of money on the rent of the ward's realty, the exact amount of which the relatrix did not know, and he had occupied and used the ward's realty, for none of which he rendered an account to the ward or to the court, and all of which he refused to account for, and wholly refused to pay the ward.

The complaint contains further allegations, apparently intended not as a part of any one breach, but as a general conclusion, to the effect that, on the 22d of October, 1888, the relatrix, yet under the age of twenty-one years, was duly married to her co-relator, alleged to be a person over the age of twenty-one years; that, before the commencement of this action, the relators notified said guardian of their marriage, and demanded of him a settlement, and that he pay over to the relatrix all moneys in his hands due her in said trust, and that he failed and refused to do the same; that there was in the hands of said guardian of the moneys of said trust the sum of two hundred dollars, which was due to the relatrix and wholly unpaid.

An answer in six paragraphs was filed. A demurrer was sustained as to the third and fifth paragraphs, and was overruled as to the other paragraphs.

The action of the court in overruling the demurrer to the first, second, fourth and sixth paragraphs of answer is presented in this court for review.

The first, second and fourth paragraphs were each ad-

dressed to the first, second, third and fourth breaches assigned in the complaint.

The first paragraph alleged, in substance, that, at the time the bond was given. the appellee Parish was the husband of the relatrix, and was over twenty-one years of age; that the bond was given and the letters of guardianship were issued to him, to enable him to draw money from the pension department of the United States, then due the relatrix as a pensioner, and for no other purpose; that he and the relatrix were poor and without means except said pension money; that of the money so received the sum of three hundred and twenty dollars was used and expended by them in the purchase of a house and lot in Williamsport, and the title to the same was placed in the relatrix, who consented to said purchase and accepted and retains the deed; that, as husband and wife, they entered into possession of said real estate, and commenced housekeeping; that all the balance of said money was used and expended for furniture to keep house with, for clothing, for repairs to said house, and for the support and maintenance of the husband and wife; that it was necessary to use the same to live on; that they had no other means or income; that it was so used and expended with the full knowledge and approval of the relatrix; and that in this way the relatrix had actually received and used all of said pension money.

A bill of particulars of said expenditures was filed with the answer, and in the first, second and fourth paragraphs was referred to as part thereof. The expenditures indicated in the bill of particulars were for said house and lot, work on the house, certain building and fencing materials, recording a deed, clerk's fee, household furniture, a dress, ten dollars in cash, and forty dollars " services as guardian," the whole amounting to $531.85.

In the second paragraph it was alleged that said Parrish, who at the time of his appointment as guardian was over twenty-one years of age, purchased with money of the rela-

trix a house and lot in Williamsport, with her consent and approval, for which he paid three hundred and twenty dollars, and had the title of the same made to her, which she still retained ; that he purchased, and paid out of said money, for the relatrix, the items of property set forth in the bill of particulars, all with the " approbation and approval " of the relatrix, who was then his wife. " Wherefore there is nothing in said guardian's hands.".

In the fourth paragraph it was alleged that said Parrish and the relatrix were husband and wife at the time he was appointed guardian for her, and at the time the bond was executed ; that he was then over twenty-one years old ; that while said guardian he paid out of the moneys in his hands received as such guardian the sums of money named in the bill of particulars for the use and benefit of his said ward ; that she had received, and still retained, the articles of personal property named in the bill of particulars ; that he had never been allowed anything for services as guardian ; and the defendants claim that a fair and reasonable compensation for said services is forty dollars, and they ask that all said sums be allowed and applied on the money so received by him, and they demand judgment for costs.

It appears from these paragraphs of answer that when the appellee Parrish was appointed guardian, and received the money of the relatrix, and made the purchases mentioned in the answers, they were husband and wife. This does not all fully appear in all the paragraphs, but they all show that when he held her money he was her husband. They are answers to a complaint showing that at the institution of the action, and for some period prior thereto, she was the wife of her co-relator. While it is not alleged that the relatrix and her former husband had been divorced, it must be so inferred from the facts stated and not denied.

There is in this State but one kind of divorce—an absolute dissolution of the bond of matrimony. Such a divorce ends all rights dependent on marriage, and not actually vested. It divests each party of executory property rights having no basis but the coverture. Whatever rests on the marriage falls with it. The judgment is conclusive as to questions concerning property rights growing out of the marital relation. Such questions are deemed to have been adjudicated by the decree. But separate property of the wife is not affected to her injury by such a divorce. *Behrley* v. *Behrley,* 93 Ind. 255; *Hills* v. *Hills,* 94 Ind. 436; *Stultz* v. *Stultz,* 107 Ind. 400; *Nicholson* v. *Nicholson,* 113 Ind. 131; 2 Bishop Mar. & Div., sections 710, 714; 2 Lawson R.,R. & Pr., section 800; 2 Wait Ac. & Def. 607.

The right of the wife to money held in trust for her by the husband, and recognized by them as her separate property, is not affected by the divorce.

It is a common rule that marriage of a female ward to a man of full age terminates the guardianship; and where the common law rights of the husband prevail, he may settle with the guardian and receive from him the property of the ward; and it was formerly so in this State. Our statute now provides: " The marriage of any female ward to a person of full age shall operate as a legal discharge of the guardianship; and the guardian shall be authorized to account to the wife, with the assent of the husband." Section 2526, R. S. 1881.

The marriage puts an end to the guardianship, and the guardian must account. *Kidwell* v. *State, ex rel.,* 45 Ind. 27.

The wife may receive her estate from her guardian and her distributive share of her father's estate, with the assent of her husband. *State, ex rel.,* v. *Joest,* 46 Ind. 235. She is bound by a payment made by her guardian to her husband by her consent and direction. *Haines* v. *State, ex rel.,* 60 Ind. 41.

The fiduciary relation ceases and the guardian becomes

her debtor for the balance in his hands not previously accounted for. *Spicer* v. *Hockman*, 72 Ind. 120. See, also, *Swihart* v. *Shaffer*, 87 Ind. 208.

In *Ex parte Post*, 47 Ind. 142, it was said that a married woman, though an infant, in this State can not have a general guardian of her person or property if her husband be of legal age.

It is not necessary in the case before us to decide whether the appointment of the appellee Parrish as the guardian of the relatrix was authorized by law. By virtue of the appointment and the execution of the bond, Parrish obtained possession of the money of the relatrix, and received it in trust for her. He and his sureties are estopped from disputing the authority of the court to make the appointment, and from denying that he was her legal guardian, as recited in their bond, for the purpose of excusing a retention of her property. *Fox* v. *Minor*, 32 Cal. 111; *People* v. *Norton*, 9 N. Y. 176; *Hines* v. *Mullins*, 25 Ga. 696; *Gray* v. *State, ex rel.*, 78 Ind. 68; *State, ex rel.*, v. *Mills*, 82 Ind. 126. See, also, 9 Am. & Eng. Encyc. of Law, 122, 140.

The statements of the pleadings of both parties are indefinite and confused, and the whole record is unsatisfactorily prepared. The complaint charged that the guardian received, as such, the sum of six hundred dollars, and that he still retained two hundred dollars of the trust money.

The paragraphs of answer, of which we have stated the substance, do not allege what amount he received.

Construing the ambiguity of the fourth paragraph against the pleader, each of the paragraphs now under consideration was pleaded, not as a partial answer, but as an answer in complete bar of the first four breaches alleged in the complaint. The answers do not account for six hundred dollars; the general averments are restricted by a bill of particulars, and neither of the paragraphs accounts for more than $531.85. Included in that amount is the sum of forty dollars claimed for " services as guardian," and the fourth para-

graph alleges that the appellee Parrish has never been allowed anything for services as guardian ; and the appellees, in this paragraph, claim that a fair and reasonable compensation for such services is the sum of forty dollars.

Neither of the paragraphs of answer controverts the second breach alleged in the complaint, or shows that said Parrish ever rendered on oath to the proper court an account of his receipts and expenditures as such guardian, verified by vouchers or proof, as every guardian is required to do at least once in ever two years by the third clause of section 2521, R. S. 1881, which expressly provides that, failing so to do, he shall receive no allowance for services, and shall be liable to his ward, on his bond, for ten per cent. in damages on the whole amount of estate, both real and personal, in his hands, belonging to such ward.

Whether he could be required to make such report or not, he can not claim any allowance for services " as guardian " when he has failed to perform this statutory duty of a guardian.

The second, third and fourth paragraphs of answer were insufficient.

The sixth paragraph of answer was directed to the fifth breach alleged in the complaint, and was sufficient, as it showed that the appellee Parrish, with his wife, the relatrix, lived in her house as their home, and that this constituted the use and occupancy alleged in the fifth breach ; and that afterward the house was rented by the husband and wife, with her full consent, for a period of five months, and that the rent received for that time was used and expended by the husband and wife for provisions to live on and for necessaries in housekeeping, with the consent and approval of the relatrix ; and that no other rents or income ever were received by said Parrish for said real estate.

For error in overruling the demurrer to the first, second and fourth paragraphs of answer, the judgment is reversed, with costs.

Filed May 16, 1891.