No. 9128.

WRIGHT, ADM'R, v. WRIGHT, ADM'R.

DECEDENTS' ESTATES.—*Appointment of same person as Administrator of two or more Estates.*—*Resignation.*—There is no law which forbids the appointment of the same person as administrator or executor of two or more estates or wills, nor any provision requiring a resignation or revocation of the letters in one case, because of conflicting interests, or of claims in favor of one estate against the other.

SAME. — *Claims.* — *Parties to Actions.*—*Claim of Administrator.* — *Statute Construed.*—The provisions of section 1 of the act of March 11th, 1875, p. 59, in relation to the settlement of claims against decedents' estates, are applicable to any claim of an executor or administrator, whether held in his personal right or as administrator or executor of another estate, or as guardian or trustee in any matter wherein, ordinarily, he might sue in his own name.

From the Harrison Circuit Court.

*W. T. Jones, L. Jordan* and *J. J. Wright,* for appellant.
*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

WOODS, J.—Samuel J. Wright had been appointed administrator of the estate of Daniel Arnold, and also administrator of the estate of Elizabeth Arnold, and, as administrator of the former estate, filed a complaint and claim against himself as administrator of the latter estate, to the truth of which claim he made oath, on information and belief. Not having been allowed, the claim was placed regularly upon the issue docket of the circuit court, wherein, according to the recital of the record, "because said administrator is also administrator of the estate of Elizabeth Arnold, deceased," it was "ordered by the court, that Robert J. Tracewell, Esq., an attorney of this court, be, and he is hereby appointed, an adversary party herein, to defend in behalf of said estate of Elizabeth Arnold, deceased." Said Tracewell, as such adversary party, filed a demurrer to the complaint, on the ground of insufficiency of the facts stated, etc., and the further ground, that there was a defect of parties plaintiffs, in that the said Samuel J. Wright, administrator of the estate of Daniel Arnold, deceased, is incompetent,

and has not the legal capacity to sue himself, as the administrator of the estate of Elizabeth Arnold, deceased. This demurrer the court sustained, and, the plaintiff declining to amend his complaint, gave judgment for the defendant.

The only question discussed in the briefs, on either side, is, whether said Wright, as administrator of one estate, could prosecute a claim against himself as administrator of another estate.

There is no law which expressly forbids the appointment of the same person as administrator or executor of two or more estates or wills, nor is there any provision requiring a resignation or revocation of the letters in one case, because of conflicting interests or of claims in favor of one estate against the other. Indeed, by express provision of statute, 2 R. S. 1876, p. 492, sec. 7, letters of administration shall be granted "in their order: *First*, to the widow ; *second*, to the next of kin ; *third*, to the largest creditor residing in the State," etc.

It is not to be supposed that the Legislature contemplated that the creditor, by becoming the administrator, should abandon his claim, or be deprived of all means of enforcing it, without resigning his trust. He could not allow it ; and the necessary conclusion, therefore, was, that such a claim should be placed on the issue docket for trial. A real trial could not be had without an adversary party, named either by the claimant in his complaint, or by the court. An implied power or authority in the court to dispose of such a case in such way may well have been inferred from the provision of the law authorizing the appointment of a creditor as administrator. It was so held in *Hubbard* v. *Hubbard*, 16 Ind. 25. See also *Devol* v. *Halstead*, 16 Ind. 287.

But, by section 1 of the act approved March 11th, 1875, Acts 1875, Reg. Sess., p. 59, which was in force when the claim in suit was filed, it is enacted : "That whenever a claim shall exist in favor of an executor or administrator against the es--

tate he represents, which accrued before the death of such decedent, the same shall be filed against said estate, with the affidavit of the claimant attached, to the effect that the same is justly due and wholly unpaid, and placed upon the dockets of the court having jurisdiction of the estate.   *   *   *   And the judge of said court shall represent said estate, and shall examine into the nature of said claim.   *   *   *   And if such court shall be of the opinion that the interests of said estate will be promoted by active opposition to such claim, it shall be the duty of such court to appoint a practising attorney of said court to represent said estate, and the same pleadings, issues and trial may be had as in other civil cases, which shall be governed by the same rules and regulations that prevail in pleading and practice in the circuit court of the county where such trial is had," etc.

. Counsel for the appellee contend that this statute is applicable only when a personal claim shall exist in favor of the executor or administrator against the estate he represents.   We perceive no reason for so narrow a construction. The words of the statute do not require it, and the evident necessity and purpose of the enactment will be best met and fulfilled by treating the provisions of the act as applicable to any claim of the executor or administrator, whether held in his personal right, or as executor or administrator of another estate, or as guardian, or as trustee in any matter wherein, ordinarily, he might sue in his own name.

The judgment of the circuit court is reversed, with instructions to overrule the demurrer to the complaint.