Hays *v.* Walker.

———————◆———————

No. 10,587.

HAYS *v.* WALKER.

SUPREME COURT.—*Assignment of Errors.—Defect of Parties.*—A complaint can not be attacked on account of a defect of parties for the first time in the Supreme Court by a specification in the assignment of errors.

SAME.—*New Trial.*—An assignment of errors can not be made to serve the purposes of a motion for a new trial. Rulings admitting or excluding evidence are proper specifications in a motion for a new trial, but are not in an assignment of error.

GUARDIAN AND WARD.—*Conversion.—Interest.*—A ward who has attained his majority may either sue his guardian individually or upon his bond for a conversion of the ward's money received during the guardianship, and the highest rate of legal interest which the guardian could reasonably have obtained for the use of the money may be allowed.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring*, for appellant.
*J. Q. Voyles*, for appellee.

ELLIOTT, J.—The complaint is here attacked for the first time, and the attack is rested on the proposition that there is a defect of parties. The attack is without avail; no such question as that of defect of parties can be made for the first time by an assignment of errors.

The right of a ward, who has attained his majority, to maintain an action against his guardian for a wrongful conversion of money received during the guardianship, is clear. The ward may sue on the bond in the name of the State if he elects, but he is not bound to do so; he has his election either to proceed against the guardian individually for breach of duty, or to sue on the bond.

An assignment of errors can not be made to serve the purpose of a motion for a new trial. Stating in the assignment specific errors alleged to have occurred on the trial, will not bring them before this court for consideration. Rulings on the trial admitting or excluding evidence form proper specifications of the motion for a new trial, but are not proper specifications in the assignment of error.

The three reasons given in the motion for a new trial are: 1st. That the finding is contrary to the evidence. 2d. That it is contrary to law. 3d. That the damages are excessive.

Neither of these reasons presents any question upon the admission or exclusion of evidence.

There is evidence showing that appellant, while acting as guardian of appellee, converted the latter's money to his own use, and in law this fully warranted a finding for the ward. This is all that need be said upon the question presented by the first and second specifications of the motion for a new trial.

The guardian who converts to his own use money of his ward is chargeable with interest, and the court did not err in allowing the highest rate of legal interest which the guardian could have obtained by the use of reasonable diligence.

There are coarse expressions in the brief of appellee's counsel which do him no credit. Counsel who abuse their adversaries instead of arguing their causes do their clients no good and themselves no honor. In the present instance, the language of counsel is such as merits severe censure and keen rebuke.

Judgment affirmed.