Jones, Administrator, v. Jones.

No. 10,025.

JONES, ADMINISTRATOR, v. JONES.

STATUTE OF LIMITATIONS.—*Guardian and Ward.*—When a ward reaches full age, money in the hands of his guardian is due without demand, and the statute of limitations, which is six years, then begins to run.

DECEDENTS' ESTATES.—*Appeal to Supreme Court.*—By the statutes in force March 11th, 1881, an administrator might appeal to the Supreme Court from the allowance of a claim without bond, and file the transcript within one year.

From the Montgomery Circuit Court.

*H. H. Ristine, T. H. Ristine* and *B. T. Ristine,* for appellant.

*E. C. Snyder,* for appellee.

BICKNELL, C. C.—This was a claim by an administrator against the estate of his decedent. The claimant, in his individual capacity, made himself, as administrator, the adversary party. *Hubbard* v. *Hubbard,* 16 Ind. 25 ; Acts of 1875, p. 59. The claim was duly verified ; there was an answer in nine paragraphs, of which the first was the general denial ; replies were filed in denial of the others. The issues were tried by the court who, at the defendant's request, made a special finding of the facts, and stated conclusions of law thereon as follows :

1. On the 20th of December, 1849, Abner Jones was duly appointed and qualified guardian of Isaac W. Jones, the claimant herein.

2. On the 14th of February, 1859, the plaintiff attained the age of twenty-one years.

3. This suit was commenced on the — day of ——, 1880.

4. At the time of the appointment of Abner Jones as guardian, he received $37.50, the estate of claimant.

5. He never made any settlement of said trust.

6. When claimant became of age he was living with his said guardian, who was his father, and continued to live with or near him until his father died, in May, 1879.

7. Said guardian never accounted with claimant for said money.

The conclusion of law upon the above facts is that the plaintiff is entitled to recover of the defendant the said sum of $37.50 with interest at 4 per cent. from July 14th, 1859. The defendant excepted to the conclusions of law; judgment was rendered in favor of the claimant for $107.25 and costs, to be levied of the assets of the estate. The defendant appealed. He assigns as error that the court erred in its conclusions of law.

The question presented is, was the claim barred by the statute of limitations of six years, or of fifteen years, or of twenty years?

This was a stale demand. In the absence of evidence to the contrary, the presumption would be it had been paid. Even in cases of chancery jurisdiction, to which the statute of limitations is not a bar, a court of equity will presume that a stale demand has been paid. *Parker* v. *Ash,* 1 Vern. 256; *Sturt* v. *Mellish,* 2 Atk. 610·; *Higgins* v. *Crawfurd,* 2 Vesey Jr. 571; *Smith* v. *Galloway,* 7 Blackf. 86; *Stehman* v. *Crull,* 26 Ind. 436. Generally, in regard to lapse of time, courts of equity respect the statute of limitations. *Murphy* v. *Blair,* 12 Ind. 184.

There can, however, be no presumption of payment in the case at bar, because the court has found that the claim was never paid. Technical and continuing trusts, such as formerly fell within the peculiar and exclusive jurisdiction of courts of equity, were not affected by the statute of limitations. *Kane* v. *Bloodgood,* 7 Johns. Ch. 90; *Murray* v. *Coster,* 20 Johns. 576. Administration is one of the trusts of which courts of equity had exclusive cognizance. *Smith* v. *Galloway, supra.*

Guardianship is a trust of like kind, and is governed by the same general rules. 2 R. S. 1876, pp. 585, 598. Therefore, as long as such a trust is continuing, the statute of limitations will not bar an action to enforce it. The appellant claims that in the present case the trust was not continuing,

but ended in 1859, when the claimant came of age, and was no longer a continuing trust in the meaning of the cases above cited. It was held, in *Kidwell* v. *State, ex rel.*, 45 Ind. 27, that the marriage of a female infant ward puts an end to the guardianship. And see 2 R. S. 1876, p. 591, section 12; *Ex Parte Post*, 47 Ind. 142. In general, guardianship terminates when the ward attains the age of twenty-one years. 2 R. S. 1876, p. 589, section 6; *Stroup* v. *State, ex rel.*, 70 Ind. 495.

At the expiration of the trust, it becomes the duty of the guardian "fully to account for, and pay over to the proper person, all the estate of said ward remaining in his hands." 2 R. S. 1876, p. 590, section 9, clause 4. In the present case, the ward being of age, he was the proper person to whom the money should have been paid (*Stroup* v. *State, ex rel., supra*), and his remedy was either an action against the guardian personally, or an action on his bond. *Stumph* v. *Pfeiffer*, 58 Ind. 472. In *Spicer* v. *Hockman*, 72 Ind. 120, it was held that on the marriage of a female ward, and the consequent maturity of her claim for a settlement with her guardian, the guardianship ceases, and the guardian becomes simply her debtor for the balance of her means in his hands not accounted for. And see *Voris* v. *State, ex rel. Davis*, 47 Ind. 345.

It has been held that where money is payable at a fixed date, or on the happening of a certain event, no demand is necessary before suit brought, and that an action may be maintained against a guardian without previous demand. *Shook* v. *State, ex rel.*, 53 Ind. 403; *Hudson* v. *State, ex rel.*, 54 Ind. 378; *Voris* v. *State, ex rel., supra*. Where, however, a demand is essential to the maintenance of a suit for the non-performance of a promise or duty, the statute of limitations does not begin to run until a demand has been made. *Raymond* v. *Simonson*, 4 Blackf. 77.

In the present case no demand was necessary. After the ward became of age, he had a remedy at law by an action against his guardian personally, or by an action on the bond. It was always held that although the case be such that the

statute of limitations could not be pleaded if there were. no remedy except in equity, yet if there be both a legal and an equitable remedy, and the former be barred by the statute, the latter will also be so barred. *Raymond* v. *Simonson, supra;* *Smith* v. *Galloway, supra.*

Here, the claimant, having a personal remedy at law against his guardian in 1859 for money had and received, waited 20 years, until his guardian was dead, and then waited another year before he brought his suit, and then brought suit against himself as administrator. Under the authorities hereinbefore cited, the statute of limitations of six years was a good bar; it was not necessary to the claimant's right of action that there should be a settlement of the guardian with the proper court, and a formal discharge of the guardian by that court, nor was it necessary to such right of action that the guardian should disavow his trust. *Heady* v. *State, ex rel.,* 60 Ind. 316; *Bescher* v. *State, ex rel.,* 63 Ind. 302. The court below erred in its conclusions of law.

The cause was decided on March 11th, 1881; the transcript was filed in this court on March 11th, 1882; the cause was submitted by agreement July 13th, 1882; nearly six months afterwards the appellee moved to dismiss the appeal, because: 1. This court had no jurisdiction of the appeal; 2. The transcript was not filed in 20 days after the rendition of the judgment; 3. No appeal bond was filed; 4. There is no law authorizing the appeal.

This being an appeal by an administrator, he was not required to file a bond. 2 R. S. 1876, p. 557, section 193.

Under the law in force then, even when a bond was necessary, the transcript was not required to be filed here in 20 days after judgment rendered. 2 R. S. 1876, p. 557, sections 189, 190. The court had jurisdiction of the appeal. 2 R. S. 1876, p. 557, sections 193, 189, 190; 2 R. S. 1876, p. 517; *Wright* v. *Wright,* 72 Ind. 149.

The motion to dismiss the appeal is overruled. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below to state conclusions of law in favor of the appellant.

