Filed Oct. 29, 1890.

---

No. 14,543.

LAMBERT *v.* BILLHEIMER, ADMINISTRATOR.

GUARDIAN AND WARD.—*Action Against Guardian.*—*When Must be Brought After Ward's Majority.*—*Statute of Limitations.*—The right of the ward to maintain an action against the guardian for failure to account for money due the ward, is barred in six years from the time the ward becomes of age.

From the Daviess Circuit Court.

*J. W. Burton*, for appellant.

*J. C. Billheimer* and *J. Downey*, for appellee.

OLDS, J.—On the 16th of April, 1866, Edward Murphy, the appellee's intestate, was appointed guardian of the appellant. On the 23d day of August, 1887, the appellant filed his complaint and commenced this action, alleging in his complaint the appointment of said Murphy as his guardian by the common pleas court of Daviess county on the 16th day of April, 1866; the death of Murphy and the appointment of the appellee as administrator of his estate; that said guardian made an exhibit to the judge of the Daviess Circuit Court on the 12th day of January, 1878, showing that he had in his hands, as such guardian, $744.92; that said guardian failed to account for said money either to the appellant or said court, and that he had squandered and converted the same to his own use.

To this complaint the appellee answered, pleading the six years' statute of limitations as a defence to the action. The appellant demurred to this paragraph of answer, and the court overruled the demurrer. The appellant excepted to such ruling and assigns the same as error, and this is the only question presented for decision.

By the fourth subdivision of section 2521, R. S. 1881, it is made the duty of the guardian "At the expiration of his trust, fully to account for and pay over to the proper person all of the estate of said ward remaining in his hands."

When the ward becomes of age he is the proper person for the guardian to account to and pay over the funds in his hands, and on his failure to do so the ward may maintain an action against such guardian personally or on his bond. *Stumph* v. *Pfeiffer*, 58 Ind. 472.

In *Spicer* v. *Hockman*, 72 Ind. 120, it is held that upon the marriage of a female ward the fiduciary relation of such guardian ceases, and he becomes simply her debtor for the balance of her means in his hands not accounted for. In

the case of *Jones* v. *Jones*, 91 Ind. 378, it is held that no demand is necessary by the ward after he arrives at the age of twenty-one years before bringing suit against his guardian for failure to account and pay over the funds in his hands.

It is a well recognized principle that if there be both a legal and an equitable remedy, and the legal remedy be barred by limitation, the equitable remedy is also barred. *Raymond* v. *Simonson*, 4 Blackf. 77; *Smith* v. *Calloway*, 7 Blackf. 86; *Jones* v. *Jones, supra.*

It has been held that the right of the ward to maintain an action against the guardian is barred in six years from the time the ward becomes of age. *Jones* v. *Jones, supra.* And under the rules we have stated the holding is correct. The ward having a legal right to maintain an action for the money in the hands of or converted by the guardian, on the ward becoming twenty-one years of age, such right would be barred in six years from that time. It follows, therefore, that the answer pleading the six years' limitation as a bar to the action in this case was a good defence.

It is contended that a guardianship is a trust of which courts of equity have exclusive jurisdiction. Grant that to be true while the guardianship continues, yet when the guardianship terminates and the guardian fails to account and pay over the funds in his hands to the proper person, as it is made his duty by statute, then the ward has a right of action at law to recover the funds in his hands, or, as in this case, for funds converted to his own use, and the ward must avail himself of such legal right within the time allowed by law to prosecute such an action.

The court did not err in its ruling.

Judgment affirmed, with costs.

Filed Oct. 29, 1890.