No. 452.

HARSHMAN, ADMINISTRATOR, v. McBRIDE ET AL.

GUARDIAN AND WARD.—*Conversion.*—*Liability of Defaulting Guardian's Estate.*—*In Whose Name Action May be Brought.*—Where a guardian of infant wards converts the assets in his hands to his own use, and dies without having refunded the same, a claim may be filed and maintained against his estate by the succeeding guardian. Such action may be maintained in the guardian's own name.

From the Clinton Circuit Court.

*J. V. Kent, S. H. Doyal* and *P. W. Gard*, for appellant.
*F. F. Moore, J. C. Suit* and *S. O. Bayless*, for appellees.

REINHARD, J.—Of the several errors assigned, the appellant's counsel have discussed only the overruling of the demurrer to the complaint or claim. It is that subject alone, therefore, which demands an examination at our hands.

The particular question raised by the appellant is whether, if a guardian of infant wards convert the assets in his hands to his own use and then die without having refunded the same, a claim may be filed and maintained against his estate by the succeeding guardian.

The contention of the appellant is, that in such a case the sole remedy is on the bond of the deceased guardian.

It has been expressly decided that after a ward has arrived at the age of majority he has his option either to sue, the guardian individually or institute an action on the bond in the name of the State on his relation, for a conversion of the funds in his hands belonging to such ward. *Hays* v. *Walker*, 90 Ind. 105 ; see, also, *Stumph* v. *Guardianship of Pfeiffer*, 58 Ind. 472.

If this may be done by the ward after arriving at full age, it is not easy to perceive why suit may not be maintained by a succeeding guardian ; and if the action will lie against the defaulting guardian while living, no good reason can be shown why a claim against his estate may not be filed and prosecuted after his death.

To our minds it is quite clear upon principle that the law imposes upon minor children no such hardships as to deprive them of a remedy so obviously just. The conversion of the funds in the hands of a guardian renders him individually indebted to the ward for the amount so converted.

If the remedy were confined to an action on the bond, then the damages could in no event exceed the amount of the penalty named in the bond, whatever the amount of the conversion might be.

Thus, if a guardian converted to his own use $2,000 of his ward's estate, and the penalty of the bond is but $1,000, the ward must be content with the $1,000, and no action would lie for the remaining $1,000.

In the case before us we are told that the liability on both bonds was limited to $2,000 ($1,000 each), while the amount found due the wards from the guardian was $4,776.76. If the rule contended for by the appellant were to obtain, the ward would be bound to be satisfied with the $2,000, although the guardian had converted an additional $2,776.76. We have been referred to no authority sustaining such a doctrine, and do not believe any can be found. Nor are the wards in such case required to proceed against a defaulting guardian " by motion in court." The guardian may, and in this instance did, die before the discovery of the shortage. No " motion " could have reached him.

The appellant relies upon the case of *Lucas* v. *Donaldson,* 117 Ind. 139. That case does not support his position, however. There the claim was against the estate of a deceased administrator, and not a deceased guardian. It was charged in that case that the administrator had, in his lifetime, and as such administrator, collected $600 and interest due the estate on a note. The ground upon which the complaint or statement of claim was held insufficient in that case was that there was nothing to show that the deceased administrator had been guilty of any default. It was not charged that he had converted the money to his own use, nor was it shown

that the estate of which he was administrator was in such a condition that a judgment for the sum so collected would effect a final settlement of his account with the estate. Under such circumstances the court very properly held that the complaint stated no cause of action.

The case at bar presents an entirely different condition of things. Here it is expressly averred that the deceased converted the money to his own use, thus showing a clear liability to the extent of such conversion, which constitutes the measure of damages.

The appellant also contends that the succeeding guardian can not maintain this action in his own name, but that it should have been brought in the name of the infants by their next friend.

Section 2521, R. S. 1881, subdivision 5, makes it the duty of the guardian to collect all debts due the ward. The debt due his wards from the former guardian's estate is included in this. But the duty to collect debts implies the right, and in fact the duty also, to sue and enforce their collection. *Shepherd* v. *Evans,* 9 Ind. 260.

We find no error.

Judgment affirmed.

Filed Sept. 29, 1891.