## WINTRODE *v.* RENBARGER.

[No. 18.296. Filed May 24, 1898.]

PLEADING.—*Answer.—Form of Demurrer.—*A demurrer to an answer as not stating facts "sufficient to constitute a good answer to the complaint of the plaintiff," does not question the sufficiency of the answer as stating a cause of defense. *p. 557.*

SLANDER.—*Complaint.—Neglect of Official Duty.—*Words, charging that a sheriff neglected, mistreated, and starved prisoners in his custody, impute the commission of a crime, and are slanderous. *pp. 557, 558.*

SAME.—*Justification.—*Rule as to Evidence.—Prior to the act of March 4, 1897 (Acts 1897, p. 137), it was necessary that a plea justifying the speaking of words imputing the commission of a crime be supported by evidence establishing its truth beyond a reasonable doubt. *p. 559.*

From the Huntington Circuit Court. *Reversed.*

*J. B. Kenner* and *U. S. Lesh,* for appellant.

*O. W. Whitelock* and *S. E. Cook,* for appellee.

HACKNEY, C. J.—Suit by appellant for slander. Trial and judgment for appellee. First and third assignments are that the trial court erred in overruling demurrers, respectively, to the second paragraph of answer to the first paragraph of complaint, and the second paragraph of answer to the second paragraph of complaint. The record fails to disclose the filing of demurrer to or any ruling upon the second answer to the first paragraph of complaint, and, therefore, presents no basis for the first assignment of error.

The second paragraph of complaint went out of the record upon demurrer, as did any answers thereto, and the record discloses the filing, on three occasions,

Wintrode *v.* Renbarger.

of an amended second paragraph of complaint. The third assignment does not question a ruling upon demurrer to the second answer to the amended second paragraph of complaint, and, therefore, presents no question for review. The only demurrer in the record to which the assignment could possibly apply was for the reason that facts were not stated "sufficient to constitute a good answer to the complaint of the plaintiff."

On the authority of *Young* v. *Warder,* 94 Ind. 357, this form of demurrer would not question the sufficiency of the answer as stating a cause of defense.

Several questions arising upon the motion for a new trial are best considered by reference to the pleadings. The appellant was sheriff, and had the custody of the county jail and of the prisoners confined therein, and the first paragraph of the complaint charged the appellee with speaking the defamatory words, concerning the appellant, "You are starving men to death in jail," and, by innuendo, it was alleged that appellee meant to charge appellant with a felony in attempting to murder prisoners by starvation.

The amended second paragraph of complaint charged the appellee with speaking, in one specification, the same words alleged in the first paragraph, as a neglect of official duty, and, in another specification, the additional words: "Yes, you are keeping the jail a d—d sight worse than Libby Prison," with the following innuendo: "meaning and intending to charge that the plaintiff, as keeper of the county jail, was torturing and starving and maltreating the prisoners under his charge, and violating his official duties to provide for them food, as the law requires him to do; and he further avers that the false and defamatory phrase referring to Libby Prison, was meant the prison that was known during the war of the rebellion

as Libby Prison, and which was reputed to be, as a historical fact, and understood by the people generally that such prison was being so conducted during the years of the war that prisoners of war imprisoned there were not fed sufficient food, and that the quality thereof was bad, insomuch that the prisoners died of scurvy, and that they were starved and shot on the merest pretenses by the persons in control thereof." The issues were joined by answers in denial, and in justification, and by replies in general denial.

With reference to the plea in justification of the charge alleged in the second paragraph of complaint, the court instructed the jury that the burden rested upon the appellee to establish said plea "by a preponderance of the evidence." An instruction asked by the appellant, and refused by the court, was to the effect that the plea in justification should be established "beyond a reasonable doubt."

Appellant insists that since the plea justified the speaking of words imputing the commission of a crime, the degree of proof necessary to sustain the plea was not a mere preponderance, but was by evidence establishing it beyond a reasonable doubt.

The court in its summary of the issues expressly treated the first paragraph of complaint as charging words imputing the commission of a crime, and, we have no doubt, each paragraph did charge words imputing to the appellant the commission of one or more crimes.

As the charge given related to the justification of the second paragraph of the complaint, it is sufficient to say that under section 2105, Burns' R. S. 1894, it is made a crime to neglect the performance of any official duty in the manner and within the time prescribed by law, and that the words charged at least imputed this crime.

Wintrode *v.* Renbarger.

In this State, at the time this cause was tried, it was the rule that a plea justifying the speaking of words imputing the commission of a crime must be supported by evidence establishing its truth beyond a reasonable doubt. *Fowler* v. *Wallace,* 131 Ind. 347, and numerous decisions there cited.

Counsel for the appellee insists that the rule should apply here that where an instruction is correct as far. as it goes, but does not comprehend the full scope of the question, objection will not be heard, but that the complaining party is required to tender a fuller instruction. This insistence is upon the theory that the court, not having indicated the degree of preponderance essential, did not err. This position we think untenable. It is manifest from the instructions given, as well as from that refused, that the court did not accept the rule that proof beyond a reasonable doubt was required, and that it was deemed sufficient if supported by a mere preponderance.

The question is one as to the *quantum* of proof, the degree to which the mind should be convinced. Other questions, principally as to the admissibility of evidence, have been discussed, and some of them indicate that the scope of the issues was not clearly understood by the court and counsel.

This appeal has probably suggested amendments to the pleadings and such changes of issues as will render it unnecessary that we should pass upon such other questions. For the error indicated the judgment is reversed, with instructions to sustain appellant's motion for a new trial.