## MALON v. SCHOLLER.

[No. 7,631.   Filed November 24, 1911.]

1. PLEADING.—*Answer.—Demurrer to.—Form.*—A demurrer to a paragraph of answer on the ground that such paragraph "does not state facts sufficient to constitute an answer in said cause," presents no question.  p. 693.

2. PLEADING.— *Paragraphs of Answer.— Facts Provable Under Another.—Demurrer.*—It is harmless error to sustain a demurrer to a paragraph of answer, where the facts therein alleged are provable under another paragraph.  p. 693.

3. VENDOR AND PURCHASER.—*Vendor's Liens.—Subsequent Purchasers.—Notice.—Special Findings.*—Special findings in a suit to establish and to enforce a vendor's lien, that prior to the conveyance of the real estate in question to defendant "he had notice and knowledge of said notes due to plaintiff * * * which were claimed to be notes as a part of the purchase money of said real estate," are insufficient to show that defendant had notice that such notes evidenced a part of the purchase price of such real estate; and the burden being on plaintiff to establish such fact, the findings do not support a decree in her favor.  p. 694.

4. APPEAL.—*Mandate.—Reversal.—New Trial.*—Though appellant is technically entitled to a judgment on the special findings, where the interests of justice require, a new trial will be ordered on a reversal.  p. 695.

From Hancock Circuit Court; *Robert L. Mason*, Judge.

Suit by Caroline Scholler against Edward Malon. From a decree for plaintiff, defendant appeals. *Reversed.*

*Williams & Schlosser* and *Walker & Van Duyn*, for appellant.

*Ephraim O'Harra* and *James D. Ermston*, for appellee.

ADAMS, J.—Suit by appellee against appellant to establish and enforce a vendor's lien on real estate. It is alleged in the complaint that on June 15, 1891, Frederica Lang was the owner of a tract of land in Hancock county, Indiana, and on said day she sold and conveyed it, by warranty deed, to her son, Herman Lang, reserving to herself a life estate therein; that the grantee, in consideration of said convey-

ance, assumed the payment of a mortgage of $500 on said real estate, and agreed to pay plaintiff, Caroline Scholler, daughter of the grantor, the sum of $500, as the remainder of the purchase price, which agreement was evidenced by two notes of $250 each, payable in one and two years after the death of Frederica Lang; that after the execution and delivery of the notes, Herman Lang sold and conveyed said real estate to defendant, Edward Malon; that at the time Edward Malon contracted for and purchased said real estate he had knowledge of plaintiff's claim, and knew that said claim was for unpaid purchase money, and that plaintiff had a lien on said real estate for the amount thereof; that defendant knew of the insolvency of his grantor, and agreed, as a part of the consideration, to pay said notes at maturity. Other averments of the complaint are not controverted.

To this complaint defendant filed an answer in two paragraphs. The first was an answer in general denial. The second paragraph averred that defendant purchased the real estate in good faith, without any knowledge or notice that plaintiff had, or claimed to have, any notes against Herman Lang, or any claim or lien on said real estate; that he took said real estate subject to the life estate of Frederica Lang, and subject to certain mortgage and judgment liens, and paid the balance in cash to said Herman Lang, the amount assumed and the amount paid being the full value of said real estate.

Appellee demurred to the second paragraph of answer, on the ground that said paragraph "does not state sufficient facts to constitute an answer in said cause." This demurrer was sustained. Upon request the court made a special finding of facts, and stated conclusions of law thereon favorable to appellee. A decree was entered on the conclusions of law.

The errors relied on for reversal and not waived are that the court erred (1) in sustaining the demurrer of appellee

to the second paragraph of answer, (2) in its conclusion of law number one, upon the special finding of facts, and (3) in its conclusion of law number two upon the special finding of facts.

The first error assigned must be held to be well taken, for the reason that the form of the demurrer is insufficient.

1. Section 351 Burns 1908, §346 R. S. 1881, provides that where the facts stated in any paragraph of answer are not sufficient to constitute a cause of defense, the plaintiff may demur to it, under the rules prescribed for demurring to a complaint. It frequently has been held that a demurrer to an answer is insufficient, when it is based upon the failure to state facts sufficient to constitute an answer. *Thomas* v. *Goodwine* (1882), 88 Ind. 458; *Wintrode* v. *Renbarger* (1898), 150 Ind. 556; *Wade* v. *Huber* (1894), 10 Ind. App. 417, and cases cited; *City of Tell City* v. *Bielefeld* (1898), 20 Ind. App. 1.

But while the sustaining of this demurrer was technically erroneous, the error is not available, for the reason that the answer to which it was addressed contained no aver-

2. ments of fact that could not have been introduced under the first paragraph of answer, that was in general denial. *Cincinnati, etc., R. Co.* v. *Smith* (1891), 127 Ind. 461, 464; *Board, etc.,* v. *State, ex rel.* (1897), 148 Ind. 675; *Kidwell* v. *Kidwell* (1882), 84 Ind. 224, 228; *McCloskey* v. *Davis* (1893), 8 Ind. App. 190, 193, and cases cited.

The facts found by the court are as follows: On June 15, 1891, Frederica Lang sold the real estate described in the complaint to her son Herman Lang, for the sum of $1,500, subject to a mortgage of $500, and subject to the life estate of the grantor. As a part of the purchase money, said Herman was to pay appellee, Caroline Scholler, daughter of Frederica Lang, a certain part of said purchase money, thereafter to be agreed on. On February 20, 1897, Herman Lang agreed to pay appellee the sum of $500, as the balance of the purchase money for said real estate, which amount

was evidenced by two notes for $250 each, due in one and two years after the death of Frederica Lang, without interest. Frederica Lang died August 11, 1907. On February 11, 1897, Herman Lang executed a mortgage on said real estate to Edward Fink, for $612. On February 20, 1899, Herman Lang and his wife sold and conveyed to appellant by warranty deed the real estate in question, for a stated consideration of $1,150, subject to the encumbrances on said real estate, and subject to the life estate of Frederica Lang.

The only facts found by the court with reference to notice are as follows: "That prior to the date of the conveyance of said real estate by Herman Lang and wife to defendant, Malon, he had notice and knowledge of said notes due to plaintiff, Caroline Scholler, which were claimed to be notes as a part of the purchase money of said real estate."

Appellee, having based her claim to the real estate owned by appellant upon notice which appellant had of her lien at the time of the purchase, the burden was on appellee to prove that appellant took the real estate not only with notice of her notes, but with notice of her claim that such notes were for purchase money, and constituted a lien on the land.

A failure of the court to find as a fact that the purchaser had such notice, is a finding against the party having the burden of proving notice. The finding clearly shows that Malon had notice and knowledge of the notes due Caroline Scholler, but it does not follow that the words "which were claimed to be notes as a part of the purchase money of said real estate" must be taken to mean that Malon had notice and knowledge of such claim. This was the important element in the controversy. The right of appellee to establish her lien depended upon her proof that appellant had notice of the notes and that they were executed for purchase money. If the purchaser had knowledge of the notes and no knowledge of the circumstances under which they were executed,

or of the consideration evidenced by them, then the findings of fact did not support the conclusions of law.

That the court stated conclusions of law favorable to appellee on a question so elemental, gives us cause to doubt whether the language used in the finding in regard to notice was expressive of the meaning intended. If the purpose of the court was to find that Malon had such notice and knowledge, then a wrong would be done to appellee by directing the trial court to restate its conclusions of law, and render judgment for appellant. We are satisfied that the ends of justice would best be served by granting a new trial, wherein, if requested, the facts might be found in a manner leaving no room for doubt.

The cause is therefore reversed, with instructions to the trial court to grant a new trial, and for further proceedings in accordance with this opinion.