## BAKER *v.* BUNDY.

[No. 8,064. Filed December 19, 1913.]

1. PLEADING.—*Demurrer to Answer.—Form.*—A demurrer to an answer on the ground that it does "not state facts sufficient to constitute an answer", does not present the question of the sufficiency of the facts stated to constitute a cause of defense. p. 276.
2. GUARDIAN AND WARD.—*Actions.—Complaint.—Theory.*—A complaint against the former guardian of plaintiff, alleging that defendant, father of the plaintiff, had in his hands as her guardian a certain sum for which he was accountable, that when plaintiff became of legal age defendant represented to her that he had not the money with which to make final settlement and that if she would sign a receipt for the money so that he could make and file his report he would deed her certain land to secure the payment of the amount due her, which he agreed to pay with interest on a reconveyance to him, that she assented to such arrangement and signed the receipt, that defendant filed his final report and

Baker *v.* Bundy—55 Ind. App. 272.

procured a discharge, but that he has not paid plaintiff, though plaintiff executed and tendered to him a deed of reconveyance and demanded payment, and alleging further that she brings such deed into court for defendant's use, and praying judgment for the sum named, although embracing facts consistent with the theory of a complaint to declare and enforce a trust, presents an action at law for the recovery of money, properly triable by jury. pp. 276, 277.

3. TRUSTS.—*Constructive Trusts.—Right of Beneficiary to Repudiate.—Actions.*—One whose money has been obtained by another under circumstances giving rise to a constructive trust may repudiate or ignore the trust and bring an action at law to recover the amount.  p. 277.

4. TRIAL.—*Peremptory Instructions.*—A peremptory instruction should be given only where there is a total absence of evidence on some essential issue, or where there is no conflict in the evidence and the only inference that may be drawn therefrom favors the party asking the instruction.  p. 278.

5. GUARDIAN AND WARD.—*Actions.—Trial.—Peremptory Instructions.*—In an action against plaintiff's former guardian to recover the amount due plaintiff on final settlement of the guardianship, the giving of a peremptory instruction to find for defendant cannot be sustained, where there was evidence tending to show that defendant at the time of making his report was chargeable with the sum claimed by plaintiff, that he was unable to and did not pay plaintiff and that he conveyed land to her as security for the amount, with the understanding that he would pay her in about five years on reconveyance of the land to him, nor can such instruction be justified on the theory that plaintiff's action was barred by the statute of limitations, in view of the fact that the action was on the contract and the statute had not run as against it, although an action based upon the default of the guardian at the time of making final report would have been barred.  pp. 279, 281.

6. GUARDIAN AND WARD.—*Relation.—Expiration of Trust.*—The relation of guardian and ward is a continuing trust which expires by limitation of law when the ward arrives at the age of twenty-one years, except that under some circumstances it may be continued for purposes of settlement.  p. 280.

7. GUARDIAN AND WARD.— *Majority of Ward.— Termination of Trust.— Relation.— Actions.— Statute of Limitations.*— On the arrival of a minor ward at the age of twenty-one years the relation of debtor and creditor arises as between himself and his guardian respecting any balance in the hands of the guardian unpaid and unaccounted for, giving the ward a right of action against the guardian personally without prior demand, and such

an action is barred by the statute of limitations in six years after the ward becomes of age.  p. 281.

From Wabash Circuit Court; *Francis E. Bowser*, Special Judge.

Action by Frances Bundy Baker against Camillus Bundy. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*J. T. Cox* and *Claude Y. Andrews*, for appellant.
*Carl J. Broo* and *Overson & Manning*, for appellee.

CALDWELL, J.—This action was tried in the court below on appellant's fourth and fifth paragraphs of complaint. The facts averred in said fourth paragraph are in substance as follows: That appellee is the father of appellant, and on April 15, 1884, was appointed her guardian by the Wabash Circuit Court, she being a minor under the age of 21 years; that on February 23, 1899, said guardian had in his hands $2,027.05, for which he as such guardian was accountable to appellant; that appellant became 21 years of age on January 3, 1899; that on May 23, 1899, said guardian filed his final report with said court, by which he showed that he had made full settlement with his said ward, and had paid her the full balance of said trust fund in said sum of $2,027.05, and filed with said report, a receipt to that effect bearing appellant's signature; that appellant signed said receipt, but that said guardian at no time paid her said sum or any part thereof; that appellant had always lived in appellee's family, and had full confidence in him, and in his judgment, and had been taught to be obedient to him, and that in all business affairs she depended on appellee and was influenced and controlled by his judgment; that under such circumstances, appellee, preparatory to making and filing his said final report, represented to appellant that he had no money with which to pay her the balance due her under said guardianship, and that if appellant would sign a receipt to the effect that she had been paid

the said sum, and permit him to file said receipt with his said final report, he would deed to her 42 acres of land owned by him in Miami county, valued at $1,000, as a pledge to secure the payment of said sum, and that on the reconveyance of said land to him, he would pay her in full with interest; that by reason of her said confidence in appellee and his influence over her, she signed said receipt, and permitted it to be filed with said final report, which said final report was filed and approved by the court on May 23, 1899, and appellee was thereupon discharged as such guardian; that appellee is indebted to her in said sum of $2,027.05; that on March 30, 1903, appellee delivered to her a warranty deed, dated May 8, 1899, conveying said land to her, which deed she accepted and held under the terms of said agreement; that on October 3, 1905, appellant, at appellee's request, executed a mortgage on said land to secure a loan in the sum of $300, the proceeds of which appellee received and retained; that appellee at all times used said lands as his own; that on April 7, 1909, appellant demanded of appellee that he pay her said sum of $2,027.05, with interest, and tendered to him a deed reconveying said land to him, but that appellee refused to pay her said sum or any part thereof, and refused to accept said deed, which deed she brings into court for appellee's use; that there is due appellant from appellee said sum of $2,027.05 and interest from March 22, 1899. The prayer of said paragraph is as follows: ''Wherefore plaintiff sues and prays judgment against defendant in the sum of $2,027.05, with interest at the rate of six per cent. per annum from the 22nd day of March, 1899, with costs, and all proper relief.''

The fifth paragraph of complaint does not differ materially from the fourth paragraph. Appellee answered in five paragraphs, the first, a general denial; the second, full settlement and payment on May 20, 1899; the third, full settlement by the conveyance of said 42 acres of land, then worth more than $2,027.05 and now worth $1,400; fourth,

the three-year statute of limitations, which was filed under the provisions of §2925 Burns 1908, §2403 R. S. 1881; and fifth, the six-year statute of limitations. Appellant filed a separate demurrer to each of said affirmative paragraphs of answer, which was sustained as to the fourth paragraph and overruled as to the second, third and fifth. The appellant assigns error separately on the overruling of her demurrer to said second, third and fifth paragaphs respectively. Said demurrer is in the following form: "Plaintiff in the above entitled cause demurs separately and severally to each of the second, third, fourth and fifth paragraphs of defendant's answer, and for cause says said second, third, fourth and fifth paragraphs separately and severally do not state facts sufficient to constitute an answer to either the second, third, fourth or fifth paragraphs of plaintiff's complaint." A demurrer to a paragraph of answer drawn in such form does not present the question of the sufficiency of the facts stated in such paragraph to constitute a cause of defense. §351 Burns 1908, §346 R. S. 1881. *Wintrode* v. *Renbarger* (1898), 150 Ind. 556, 50 N. E. 570; *Thomas* v. *Goodwine* (1882), 88 Ind. 458; *City of Tell City* v. *Bielefeld* (1898), 20 Ind. App. 1, 49 N. E. 1090. The appellant replied in general denial to the second, third and fifth paragraphs of answer. The issues joined were submitted to a jury for trial. At the close of appellant's evidence, appellee moved the court to instruct the jury to return a verdict in his favor, which motion was sustained, and a peremptory instruction given, in harmony with which a verdict was returned for appellee. Judgment was rendered for costs against appellant, from which this appeal was taken.

Appellant, at the proper time, moved the court for a trial by the court, without the intervention of a jury, on the issue joined on said fourth paragraph of complaint, and also requested of the court a special finding of facts and conclusions of law thereon. The motion

was overruled, and said request denied, and the court's rulings in said respects are properly presented for review. Appellant's contention is that the theory of the fourth paragraph of complaint is the declaration and enforcement of a constructive trust, and that the fourth paragraph therefore presents an issue in equity, triable by the court, and that as a consequence, the court erred in overruling said motion and in denying the request. If appellant properly construes said paragraph, then the issue joined thereon should have been tried by the court, without a jury, and the court erred in each of the particulars asserted. It is evident that many of the facts averred in the fourth paragraph of complaint might very properly be embodied in a complaint, the theory and purpose of which was to declare and enforce a trust, and that such facts would tend to support such a complaint. Such, however, is not the theory of the fourth paragraph. It does not proceed to the end that any particular fund or property may be impressed with a trust, and such trust enforced, or that a fund be traced through changing forms and investments, and that it be subjected to equity when and where found and identified. In short, no appeal is made distinctively to equity or for the application of distinctively equitable principles. Granting that the facts averred with other facts might be sufficient to give rise to a trust, still appellant, as the beneficiary of such trust, had a right to repudiate or ignore the trust and sue at law for the amount of money due her. *Jefferson School Tp.* v. *School Town, etc.* (1892), 5 Ind. App. 586, 588, 32 N. E. 807; 2 Perry, Trusts (6th ed.) §828. See also *Parks* v. *Satterthwaite* (1892), 132 Ind. 411, 415, 32 N. E. 82; *Thomas* v. *Merry* (1888), 113 Ind. 83, 15 N. E. 244; *Talbott* v. *Barber* (1894), 11 Ind. App. 1, 38 N. E. 487, 54 Am. St. 491; *Mohn* v. *Mohn* (1887), 112 Ind. 285, 13 N. E. 859; *Hon* v. *Hon* (1880), 70 Ind. 135. The case made by said fourth paragraph of complaint is at law for the recovery of money, and it, there-

fore, follows that the court did not err in overruling said motion or denying said request.

The question is presented whether the court erred in instructing the jury peremptorily to return a verdict for appellee, which question we proceed to consider.

4. The rules that guide us here are, that such an instruction should be given only where there is a total absence of evidence on some essential issue, or "where there is no conflict, and the evidence is susceptible of but one inference, and that inference is favorable to the party asking the instruction." *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20. "Upon a motion for a peremptory instruction, the court is bound to accept as true all facts which the evidence tends to prove, and to draw, against a party requesting such instruction, all inferences which the jury might reasonably draw, and, in case of conflict in the evidence, to consider only that favorable to the party against whom the instruction is asked, that favorable to the other party being treated as withdrawn." *Roberts* v. *Terre Haute Electric Co.* (1906), 37 Ind. App. 664, 671, 76 N. E. 323, 895. If in any given case the evidence is oral rather than documentary, and if it is uncertain or equivocal in its character rather than conflicting, or if it is reasonably susceptible of two interpretations, one tending to support the claims of one party and the other tending to support the claims of the other party, it is within the province of the jury to weigh and construe the evidence and solve the uncertainty, and in such case the court should not direct the verdict. *Cincinnati, etc., R. Co.* v. *Darling* (1892), 130 Ind. 376, 30 N. E. 416; *Annadall* v. *Union Cement, etc., Co.* (1905), 165 Ind. 110, 74 N. E. 893; *Gasset* v. *Glazier* (1896), 43 N. E. (Mass.) 193; *Patten* v. *Pancoast* (1888), 109 N. Y. 625; *Merkle* v. *Moore* (1890), 134 Pa. St. 608, 19 Atl. 801; *Brown* v. *Orland* (1853), 36 Me. 376; *Beebe* v. *Koshnic* (1885), 55 Mich. 604, 22 N. W. 59; 9 Cyc. 592, 786.

There was evidence to the effect that appellee as guardian

Baker *v.* Bundy—55 Ind. App. 272.

of appellant filed his final report in the Wabash Circuit Court on May 20, 1899, showing a balance due appellant of $2,027.05. By said report, he took credit for said sum as paid appellant, and filed with said report a receipt signed by appellant to that effect. Said report was approved and appellee discharged. Appellant became 21 years of age January 3, 1899. . Appellant is a daughter of appellee. There was some evidence that preparatory to making said final settlement, appellee said to appellant in substance that he did not have the money to pay her, and that he wanted her to be easy with him, and that if she would permit him to keep the money, he would deed her the 42-acre tract of land; that he did not mean for her to keep the land, but that in about five years he would pay her, and she could then deed the land back to him. There was some evidence that his promise was to pay her when he was able, and that he thought he would be able in about five years, to all of which appellant agreed. There was evidence tending to show that appellee exercised great control and influence over appellant, and that she was always obedient to his commands and requests. Appellee cautioned appellant to say to the attorney who prepared the final report, and to the circuit judge that she was satisfied with the settlement, and she did so state to them. Appellant agreed to and did sign the receipt under the circumstances aforesaid, and agreed to accept a deed to said land. Appellee paid her no money. The deed was delivered to her two or three years later, after repeated demands for it. Appellee retained control of the land and received all rents and profits from it. He procured appellant to execute a mortgage on the land to secure a loan of $300, which he appropriated to his own use. Appellant remained at her father's home about one year after he was discharged as guardian, and then went to Peru to work, and three or four years later first asked appellee to pay her said claim. Several witnesses testified to statements made by appellee to the effect that he

had deeded the land to appellant to secure her, and that he expected to pay her and get the land back. Such statements were made at various times from soon after he was discharged as guardian, to shortly before the trial of the cause. A number of witnesses testified, without contradiction, that said lands were worth from twelve to fifteen dollars per acre in 1899. Suit was commenced in April, 1909. From the foregoing, it appears that there was evidence tending to show that when appellee filed his said final report, he had in his hands $2,027.05 of appellant's money, and that no part of it was at any time paid her in money; that the land conveyed was worth very much less than the said amount of money due. Said admissions made by appellee, taken with said conversation had between the parties shortly before appellee filed said final report, constitute at least some evidence that appellee was indebted to appellant and that said land was conveyed to secure said indebtedness. There was some evidence also that by the terms of the agreement between the parties, the money was to be paid in about five years, that is, in consideration of appellee conveying said land as security, and a promise to pay in about five years, appellant agreed that he might retain the money.

The theory of the complaint having been determined, appellee assigns two reasons in justification of the giving of said peremptory instruction: (1) That the evidence is conflicting and uncertain; (2) that it shows appellant's cause of action to be barred by the statute of limitations. We have disposed of the first reason to the effect that when the evidence is conflicting and uncertain, the issue involved should be submitted to the jury for determination. We proceed to consider the second reason. The relation of

6. guardian and ward is a continuing trust. When the ward arrives at the age of 21 years, such trust expires by limitation of law, except that under some circumstances it may be said to continue for purposes of settlement. *Stroup* v. *State, ex rel.* (1880), 70 Ind. 495, 498; *Jones* v. *Jones*

(1883), 91 Ind. 378, 380; *Spicer* v. *Hockman* (1880), 72 Ind. 120, 125; *Hays* v. *Walker* (1883), 90 Ind. 105. Thereupon, on the arrival of the ward at full age, the relation of debtor and creditor arises between the guardian and ward respecting any balance in the hands of the guardian unpaid and unaccounted for, which balance as a debt is then due, and to recover which, such ward may maintain an action against such guardian personally, without having made a prior demand for its payment. *Lambert* v. *Billheimer* (1890), 125 Ind. 519, 25 N. E. 451; *Jones* v. *Jones, supra; Hays* v. *Walker, supra.* Such a cause of action is barred by the statute of limitations in six years after the ward becomes of age. *State, ex rel.* v. *Parsons* (1897), 147 Ind. 579, 583, 47 N. E. 17, 62 Am. St. 432; *Lambert* v. *Billheimer, supra; Peel* v. *State, ex rel.* (1889), 118 Ind. 512, 21 N. E. 288. In the case at bar, under the foregoing authorities, an action by appellant to recover from appellee the balance due her would have been barred by the statute in six years after she arrived at full age, had there been no new contract or arrangement between them. But, as we have shown, there was evidence to the effect that shortly after appellant became 21 years of age, such a new contract or arrangement was entered into by the parties, by the terms of which appellant agreed that appellee might retain said balance, and that she would execute said receipt in order that appellee might use the same in making his final settlement, in consideration of which appellee in his individual capacity agreed to pay appellant said balance and to execute said deed as security for the performance of his said agreement. Such contract was fully carried out except as to the payment of the money by appellee. We do not regard it as necessary to discuss the proposition of whether a ward may maintain an action against her guardian or on his bond, to recover a balance due and shown paid by a final settlement report, where said report has been approved and the guardian discharged, without

first, by an appropriate action causing such approval to be set aside. Here the action is not based on such a report, or on any transactions had prior to it, but rather it is based on said new contract. The action is not inconsistent with the fact that there has been such an approved final settlement. In legal effect, the situation is not different from what it would have been, had appellee actually paid appellant said sum due her, and thereafter borrowed it of her, under a promise to repay her. In either the real case or the supposed case, had appellee executed to appellant a promissory note representing said sum due her, it is plain that a seasonable action could have been maintained on said note in case of default in its payment. If it be true that an action could have been maintained on the note, it seems evident that an action can likewise be maintained on the. parol promise. However, appellee, at least by implication, concedes the right to maintain the action, in that he advances no reason why it cannot be maintained, were it not, as he insists, barred by the statute. Nevertheless, we feel that our discussion is warranted in order that we may emphasize the fact that the action is based on the new contract. The following authorities tend to support our conclusion. *Lindsay* v. *Lindsay* (1875), 28 Ohio St. 157; *Thorndyke* v. *Hinckley* (1892), 155 Mass. 263, 29 N. E. 579; *Beedle* v. *Stale, ex rel.* (1878), 62 Ind. 26; *Taylor* v. *Calvert* (1894), 138 Ind. 67, 37 N. E. 531.

As we have shown, there was evidence to the effect that by the terms of such contract, appellee agreed to pay said sum to appellant in about five years, and other evidence that he would pay it when he was able, and that he thought he would be able in about five years. The action being based on the new contract is not barred by the statute, unless six years elapsed between the accrual of the action and its commencement. If said peremptory instruction had not been given, and if the trial had been permitted to proceed in due course, the jury might have found from the evidence

that appellee's promise was to pay in five years with a reserved right to pay sooner. If such was appellee's contract, the cause of action did not accrue until May, 1904, and if this suit was commenced in April, 1909, the action was not barred. If it be true that on the issue of the statute of limitations, the evidence was contradictory or uncertain or equivocal, still, there being some evidence, the jury should have been permitted to determine what, if anything, it proved. We express no opinion respecting the strength or weakness of the evidence. It is within the province of the court to decide whether there is any evidence, but it is for the jury to determine as to its sufficiency. The court erred in giving said peremptory instruction, for which error the judgment should be reversed.

The judgment is reversed, with instructions to sustain the motion for a new trial.

NOTE.—Reported in 103 N. E. 668. As to effect on statute of limitations of acknowledgment or new promise, see 62 Am. Dec. 101; 102 Am. St. 751. See, also, under (1) 31 Cyc. 319; (3) 39 Cyc. 533; (4) 38 Cyc. 1533, 1565; (5) 21 Cyc. 187, 198; (6) 21 Cyc. 50; (7) 21 Cyc. 199.