Hon *v.* The State, *ex rel.* Hottel *et al.*

---

No. 10,569.

HON *v.* THE STATE, EX REL. HOTTEL ET AL.

TOWN.—*School Trustees.— Township Trustee.— School Fund.—Mandate.—Relator.*—Where money has been apportioned to a school township and received by the trustee thereof, some of which belongs to a school town afterwards organized, and he refuses to pay it over, he may be compelled by mandate to do so, and the school trustees of the town are the proper relators in such a suit.

Hon v. The State, *ex rel.* Hottel *et al.*

Same.—*Organization of Corporation.*—The regularity of the organization of the town as a corporation can not be questioned in such a proceeding, nor is it necessary to prove more (if anything on that subject) than the exercise of corporate functions.

Practice.—*Error.*—The sufficiency of a reply can not be questioned for the first time in the Supreme Court, but objections thereto must be properly presented to the trial court.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring,* for appellant.

*S. B. Voyles, H. Morris* and *J. Dailey,* for appellees.

Elliott, J.—The relators aver that they are the school trustees of the town of Fredericksburgh, and that the appellant is the trustee of the township in which the town is situated; that he has received money belonging to the school fund and apportioned to the township, and that the school corporation represented by the relators is entitled to a part thereof. A writ of mandate is prayed.

We have no doubt that in such a case as that made by the complaint of appellee's relators, mandamus is the appropriate remedy. Where a public officer has funds to which another officer is entitled, mandamus will lie to compel the payment of the money to the proper officer. In such a case, it is the specific legal duty of the custodian of the fund to pay it to the officer entitled to receive it, and mandamus will lie to enforce the performance of such a duty.

Where the facts pleaded show that the only adequate remedy is that of mandamus, there is no necessity for averring, in terms, that there is no other legal remedy. The facts stated control, and if they show that there is no other remedy, the direct averment is needless; if they show that there is such a remedy, the averment is without force.

The trustees of the school corporation of a town are the proper relators, in an action to recover money belonging to the school fund of the town represented by them. It is sufficient to describe them as school trustees of the town, and the description of their official character is not bad because

it fails to state that they are trustees of the school town. The distinction attempted to be drawn by appellant is without support in reason or authority. *Mackenzie* v. *Board, etc.*, 72 Ind. 189.

Where the township trustee receives money which belongs to the school town and refuses to pay it over, he may be sued, and there is no necessity for joining any person with him as a party defendant. He, and not the school corporation, is the wrong-doer.

Where the school trustees of a town are elected after money has been received by the trustee of the township, they become, upon proper qualification, entitled to the money allotted by law to the school town, and it is the duty of the trustee, on demand, to pay it over to them. The right of the township trustee to the custody of the money terminates with the due organization of the board of school trustees for the incorporated town. *Johnson* v. *Smith*, 64 Ind. 275.

The complaint shows a right to some of the school funds in the hands of the appellant, and, therefore, shows a right to some relief, and where a complaint shows a right to some relief, it is strong enough to withstand a demurrer. *Bayless* v. *Glenn*, 72 Ind. 5.

The question of the regularity of the incorporation of the town of Fredericksburgh can not be tried in such an action as this. Such a question can only be tried in a proceeding in the nature of a *quo warranto*, directly attacking the corporate organization.

The sufficiency of a reply can not be brought in question by an assignment of errors; there must be objection properly presented to the trial court.

It was not necessary for appellees to prove that all the steps required by law for the incorporation of the town of Fredericksburgh had been taken, for they made out a case when it was shown that there had been an attempt to organize according to law; that there was an assumption of corporate existence and the exercise of corporate functions.

This was all, and, perhaps, more than the appellees were required to show. *Williamson* v. *Kokomo, etc., Ass'n, post,* p. 389, Whether a *de facto* corporation has a legal right to existence is a question to be tried in a proceeding instituted on behalf of the State.

The third reason for a new trial is not so framed as to present any question for review.

Judgment affirmed.