Filed Dec. 14, 1892.

———◆———

No. 683.

JEFFERSON SCHOOL TOWNSHIP OF GREENE COUNTY *v.* SCHOOL TOWN OF WORTHINGTON.

TAXES.—*Conversion of by School Township.—Action by School Town to Recover.—Mandamus.*—Where a fund, derived from taxes levied for school purposes, and rightfully belonging to a school town, has been diverted and appropriated to the use of the school township, an action will lie in favor of the former against the latter for the recovery of the same. Resort need not be had to a mandamus proceeding.

SAME.—*Legality of Tax.—Regularity of Assessment.—School Township can not Controvert.*—The township, having received and used the fund, can not controvert the legality of the tax imposed, or the regularity of the assessment.

SAME.—*Constructive Trust.—Statute of Limitations.*—The statute of limitations would bar a recovery for any portion of the fund which came into the hands of the defendant more than six years prior to the bringing of the suit, as the plaintiff's claim is founded upon a constructive trust to which the statute applies.

PRACTICE.—*Complaint.—Motion to Strike Out.*—The overruling of a motion to strike out a portion of a paragraph of complaint is not reversible error under any circumstances.

From the Greene Circuit Court.

*A. G. Cavins, E. H. Cavins* and *W. L. Cavins,* for appellant.

*J. D. Alexander* and *H. W. Letsinger,* for appellee.

REINHARD, J.—The appellee shows by its complaint that it is an incorporated school town within the territorial limits of Jefferson township, Greene county, Indiana, within which the appellant exists as a school township; that certain persons residing within the appellant's boundaries were trans-

ferred for school purposes to said school town; that such persons were assessed for school purposes within said town; that levies were made for special school and tuition tax, and steps taken that resulted in the payment by such persons to the county treasurer, for the use of the school town, of certain sums of taxes for such school purposes, the same having been duly apportioned by the auditor to the school town; that the said treasurer, instead of paying such funds to the trustees of the school town, turned the same over to the trustee of the township, who converted the same to the use of said school township. The process resulting in the payment of these taxes and the conversion thereof are set out in detail, and we do not find it necessary to copy the statement into this opinion. A demurrer was overruled to the first paragraph of the complaint.

The only question made by appellant's counsel as to the sufficiency of the complaint is in reference to the remedy. It is insisted that the appellee can not recover in an action such as this, but should have proceeded by writ of mandate, either against the treasurer in the first instance, or against the township trustee in the last. That the appellee might have proceeded by mandate against the proper custodian of the fund, so long as the same retained its identity, there is no doubt. *Hon* v. *State*, 89 Ind. 249.

It is insisted on behalf of appellant that mandamus will lie only where there is no adequate legal remedy, which proposition may be readily granted. From this it is argued that conversely it is also true that if mandamus will lie against such officers the remedy here resorted to can not be proper. To this proposition we can not give our assent. Doubtless the money resulting from the collection and payment into the county treasury of these taxes was a trust fund belonging to the school corporation, for whose benefit it was intended, and will be followed into the hands of any recipient and will there be preserved and protected for its beneficiary as long as it can be identified. *Fletcher* v. *Sharpe*,

108 Ind. 276; *Bundy* v. *Town of Monticello*, 84 Ind. 119. But while the *cestui que trust* may do this, it is not compelled to do so in order to have any redress. It may repudiate the trust, and proceed against the trustee as for money had and received. 2 Perry Trusts, section 828.

In proceedings against corporations of the nature of the parties to this action, where the identity of the fund has been preserved or the corporation as such has not appropriated it or derived any pecuniary benefit from it, the remedy is against the official who is the custodian of such fund, and the writ of mandate is generally invoked to compel him to pay it over to the real beneficiary, as in such cases the officer, and not the corporation, is the wrong-doer. *Hon* v. *State, supra.*

Where, however, it is shown that the money has been absorbed by the corporation, as where it has been covered into the treasury to the credit of the general fund, then such corporation will be liable. *Vigo Tp.* v. *Board, etc.,* 111 Ind. 170.

We think the circumstances in the case under consideration are such as to create a liability from the appellant to the appellee. A proceeding by writ of mandate against either the county treasurer or the township trustee would be futile, after the fund has been diverted and appropriated to the use of the school township.

What has been said applies to the ruling of the court on demurrer to the first paragraph of the complaint, as well as the overruling of the motion to strike out portions of the second paragraph. Besides, the overruling of the motion to strike out is not reversible error in any event. *Sprague* v. *Pritchard,* 108 Ind. 491; *Gill* v. *State, ex rel.,* 72 Ind. 266.

The court found the facts specially and stated its conclusions of law upon the same, to which the appellant excepted. By this ruling the appellant attempts to present the question of the regularity of the assessment of the special school tax levied and its extension to the taxable property of the per-

sons transferred. We do not think the township is in any position to raise this question. If the taxpayers from whom the money came paid the same voluntarily, this would not diminish the appellee's title to the same, as between it and the appellant. The township has received this fund and used it, and it can not controvert the legality of the tax imposed or the regularity of the assessment, any more than a tax collector or municipal officer could, who had collected such taxes. *Perryman* v. *City of Greenville*, 51 Ala. 507; *Board, etc.*, v. *Serrett*, 31 La. Ann. 719; *Morris* v. *State*, 47 Texas, 583; *Cairns* v. *O'Bleness*, 40 Wis. 469.

The special findings show that a portion of the taxes involved in this suit had been paid more than six years before the commencement of the action. It is insisted that the collection by suit of such portions as were paid more than six years prior to that time is barred by the operation of the six years' statute of limitations.

Whether or not the claim in this case, or any portion of it, comes within the operation of that statute depends upon its being a direct or an implied or constructive trust, for it is only to the former class that the defence of the statute can not be made. *Newsom* v. *Board, etc.*, 103 Ind. 526; *Wilson* v. *Brookshire*, 126 Ind. 497.

Direct or express trusts are created by the express terms of a contract. If they have reference to real estate they must be in writing; if they relate to personal property they may be created by parol. Implied trusts are those that arise by implication in the terms of the contract. Constructive trusts are declared by the courts by giving construction to the acts and relationships of the parties. Thus, where a party standing in a fiduciary or confidential relation to another, by fraud or otherwise, gains some undue advantage to himself, which in equity and good conscience does not belong to him, to the detriment of the other; or where a person has obtained money belonging to another through accident or mistake, as well as through fraud,—in such cases

the person thus wrongfully profiting by the advantage gained will be treated as the trustee of the other and compelled to account as such to the real beneficiary. Such cases belong in the category of constructive and not of direct trusts. Perry Trusts, sections 24–27 and 86; 4 Lawson Rights and Rem., section 2014.

A direct trust may doubtless exist where an officer holds funds in a fiduciary or public capacity, but in such a case it is not the corporation or municipality of which he is an officer that is the trustee, but the officer himself. Where, however the corporation or municipality would derive an undue benefit from the transaction, as where a fund not belonging to it has come into its hands by mistake, and it has been covered into its general treasury and converted, and upon demand the corporation through its officers refuses to pay an equivalent for such fund, as in the present case, the law will construe such corporation a trustee for the party entitled to the money, and the trust will be a constructive one. That the statute of limitations applies to such a case, is now well settled. "It has been urged that the statute can not apply in favor of persons who become trustees by construction of law; as where a person is construed into a trustee of property which he has fraudulently obtained, or where a trust estate is traced into his hands, or where a resulting trust arises; and that the *cestui que trust* is not precluded in such cases, from his remedy by lapse of time. But the later authorities established the doctrine that the statute applies in such cases." 2 Perry Trusts, section 865.

It may be stated, however, that even if it should be conceded that the statute *per se* does not run in cases involving this character of trusts, it is still true that it can be set in operation by a demand. Where a demand is necessary to make the statute operative, of course the cause of action does not accrue until such demand has been made. *Cole* v. *Wright*, 70 Ind. 179. But there must be a limit to the time within which a demand must be made. Thus it was said in *High* v.

Jefferson School Township of Greene Co. *v.* School Town of Worthington.

*Board, etc.*, 92 Ind. 580: "Although the cause of action did not accrue until a demand was made, yet the demand should have been made within a reasonable period from the time that it might have been made. A reasonable time, in the absence of circumstances justifying or excusing a longer delay, is the time limited by the statute for the commencement of the action. If the rule was otherwise, a party, by his own act, or failure to act, could preclude the running of the statute of limitations until such time as might suit his interest, or convenience or pleasure to put it in motion." See also *Landers* v. *Fisher*, 2 Ind. App. 64.

These decisions proceed upon the familiar principle in equity, independent of statutes, that courts of equity will not encourage the bringing and prosecution of stale demands, although such courts do not feel themselves bound by any arbitrary rules, but let the particular circumstances control each case. Where the statute does not in terms apply to equity cases, but where the jurisdiction of law and equity is concurrent, as in this State, "equity will follow the law," and will act in obedience to the statute. See 13 Am. and Eng. Encyc. of Law, 674, *et seq.*, where the question is fully discussed and the cases cited.

It appears from the special finding that many of the items were barred by the six years' statute, if applicable, and the same having been properly pleaded, it was the duty of the court to give it effect. The point was saved, also, by a motion to modify the judgment.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to restate its conclusions of law in accordance with this opinion and render judgment for appellees for such amount only of the taxes sued for as came into the appellant's hands within six years before the beginning of this action, and if this can not be done to grant a new trial, if the same is properly asked for, at the next term of court after this opinion shall have been certified to said court.

Filed Dec. 13, 1892.