Winn C. **HAMRICK**, as Trustee of the residuary estate for the use of the net income therefrom for relief of animals coming under the care of the Indianapolis Humane Society of the City of Indianapolis, Indiana, under the will of Mary Powell Crume, deceased, Plaintiff,

v.

**INDIANAPOLIS HUMANE SOCIETY, INC.**, a corporation, Defendant.

No. IP 58–C–198.

United States District Court
S. D. Indiana,
Indianapolis Division.

July 3, 1959.

Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., for plaintiff.

Bingham, Summers & Spilman, Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

This is an action by the plaintiff, as the alleged trustee of the residuary estate for the use of the net income therefrom for relief of animals coming under the care of the Indianapolis Humane Society of the City of Indianapolis, Indiana, under the will of Mary Powell Crume, deceased, against the defendant, Indianapolis Humane Society, Inc., a corporation, wherein plaintiff prays that defendant be ordered to deliver to plaintiff all the trust property and all proceeds thereof of the estate of Mary Powell Crume,

coming into defendant's hands, and to render an accounting showing all acts, receipts and disbursements of defendant with respect thereto. The cause is now before this court upon the defendant's motion to dismiss. First, because the complaint fails to state a claim upon which relief can be granted; secondly, because it appears on the face of the complaint that the claim set up in the complaint accrued, if at all, in the year 1940, and that therefore the action is barred by the applicable statutes of limitations. As an alternative the defendant moves to dismiss the action because it appears on the face of the complaint that plaintiff lacks capacity to sue.

From the face of the complaint, the following may reasonably be drawn:

The court has jurisdiction of the parties and the subject matter.

Mary Powell Crume died testate June 15, 1935. At the time of her death she was a resident of the City of Dayton, Montgomery County, Ohio. Her last will and testament was duly probated in the Probate Court of Montgomery County, Ohio. It is apparent her estate was duly administered and settled in said court.

By the terms of her last will and testament she gave all of the rest and residue of her net estate to a trustee in trust with the direction that all of the net income from the trust property to be paid to her mother, Nellie Cunningham Powell, for and during her natural life and upon her death such net income was to be paid to her husband, Roscoe A. Crume, for and during his natural life and upon his death all of said trust property was to go to the Indianapolis Humane Society, Inc., as trustee, to hold perpetually, and to use the income therefrom for the sole purpose of providing for the animals that should "come under its care."

Nellie Cunningham Powell, mother of the testatrix, died January 14, 1940.

Roscoe A. Crume, husband of the testatrix, predeceased said Nellie Cunningham Powell.

It appears that both were residents of Montgomery County, Ohio, at the time of their death.

Since Roscoe A. Crume, husband of the testatrix, died before Nellie Cunningham Powell, mother of the testatrix, he did not receive any income from the trust property.

Eugene A. Mayl was appointed executor of the estate of Nellie Cunningham Powell, and Emma Crume Lytle was appointed administratrix of the estate of Roscoe A. Crume.

Eugene A. Mayl was also the successor trustee of the residue of the estate of the testatrix, Mary Powell Crume.

On February 3, 1940, Emma Crume Lytle, as administratrix of the estate of Roscoe A. Crume, deceased, instituted an action in the Probate Court of Montgomery County, Ohio, against said Eugene A. Mayl, as executor of the estate of Nellie Cunningham Powell, deceased, and as successor trustee of the residue of the estate of Mary Powell Crume, deceased, and the Indianapolis Humane Society, Inc., defendant herein, for a declaratory judgment, seeking to have the aforesaid residuary bequest to the Indianapolis Humane Society, Inc., as trustee, declared null and void and to have the entire residue of the testatrix' estate distributed to the respective estates of Roscoe A. Crume, deceased husband of the testatrix, and Nellie Cunningham Powell, deceased mother of the testatrix, in accordance with the laws of descent and distribution of the State of Ohio.

The defendant, Indianapolis Humane Society, Inc., filed an answer and cross-complaint in said declaratory proceedings and claimed and asserted that said devise to it as trustee of the rest and residue of the estate of the deceased testatrix was valid and that a valid charitable trust was created.

The case was put at issue but never tried. It created a bona fide controversy between the parties.

Following the commencement of said cause of action, the parties to the action entered into a compromise and settlement of all the issues involved in the case. On May 11, 1940, said compromise agreement was submitted to the court for its consideration and approval and

on that date it was formally approved. The court approved the transfer of funds from the trust estate to fiduciaries, parties to the action, and their attorneys and the residue of the trust estate to the defendant, Indianapolis Humane Society, Inc., as trustee.

Eugene A. Mayl, as successor trustee of the residue of the estate of the testatrix, which residue consisted entirely of personal property, made distribution of the same to the parties entitled thereto as per the compromise agreement. The defendant, Indianapolis Humane Society, Inc., upon receipt of its share, immediately removed the same to its headquarters in Indianapolis, Indiana. Its present estimated value is approximately $750,000. The Society has held such property in trust and in Indianapolis, Indiana, continuously since its receipt approximately nineteen years ago, and for aught that appears, has administered it in accordance with the provisions of the trust. There is no claim or charge in the present case that the Society has improperly administered the trust.

The State of Ohio has a statute (which was in force at all times material to this case) which provides in substance that no fiduciary (trustee) shall enter upon the execution of a trust until "letters of appointment" of such fiduciary have been issued to him by the Probate Court having jurisdiction of the proceedings and "prior to the issuing of such letters of appointment no act or transaction by a fiduciary is valid." Secs. 2109.01–2109.02, Rev.Code of Ohio.

The defendant, Indianapolis Humane Society, Inc., never made formal application to the Probate Court of Montgomery County, Ohio, for "letters of appointment" as trustee in the matter and no "letters" were ever issued to it authorizing it to act as trustee. It received the trust property as above stated by virtue of the order of said Ohio court approving the settlement agreement between the parties and authorizing and ordering the then trustee to make distribution to it as provided in said compromise agreement.

On October 9, 1957 (seventeen years after the trust property was turned over to the Indianapolis Humane Society, Inc., by order of the court as above set out), Winn C. Hamrick, plaintiff-trustee, made application to the said Probate Court of Montgomery County, Ohio, for appointment as testamentary trustee of the residuary estate of Mary Powell Crume, deceased, and for authority to administer the trust assets and use the income therefrom for the care of animals coming under the care of the Indianapolis Humane Society, Inc., as provided in the testamentary trust.

The court set said application for hearing on October 29, 1957, and constructive notice thereof was given to the defendant, Indianapolis Humane Society, Inc. The Society did not appear at such hearing and submit itself to the jurisdiction of the court. Instead the Society employed lawyers who appeared therein as amici curiae and opposed the application.

On February 4, 1958, said Probate Court of Montgomery County, Ohio, entered its order on said application. Said court found therein, among other things, as follows:

(1) Said court had never relinquished control nor lost jurisdiction over said trust, but had exclusive jurisdiction.

(2) Said Indianapolis Humane Society having never sought appointment to the office of trustee or received letters of such appointment as provided by Ohio law, its action in receiving such funds of the estate was and is invalid.

(3) The failure of the Indianapolis Humane Society to seek letters of appointment from the Montgomery County Court since May of 1940 should be construed as a declining of the office of trustee under the will of Mary Powell Crume.

(4) The court has a duty under the Ohio statute to appoint a suitable trustee and protect the interested parties and the trust property.

(5) Winn C. Hamrick is a suitable person and his application for

appointment as trustee should be granted.

Winn C. Hamrick was so appointed by said court.

Immediately upon appointment and the receipt of "letters" as above set out, Winn C. Hamrick wrote the defendant, Indianapolis Humane Society, and demanded a surrender of all of the trust property and an accounting of its action in connection with such property since its receipt of the property in 1940. The defendant refused the demands of said alleged trustee and still retains the property.

On July 24, 1958, said Probate Court of Montgomery County, Ohio, authorized the plaintiff, Winn C. Hamrick, as the newly appointed trustee, to sue to recover the trust property involved and for an accounting.

On August 8, 1958, said new trustee filed this action in this court seeking to recover said trust property and an accounting of the defendant's stewardship since 1940.

Here the parties agree that the statutes of limitations applicable to the case are the statutes of Indiana and not Ohio. Secs. 2–601—2–627, Burns 1946 Replacement.

The action under these statutes if barred would be barred in six (6) or not more than fifteen (15) years from the date the right of action accrues. Actions for the recovery of personal property must be brought within six (6) years and all other actions within fifteen (15) years.

The plaintiff contends that the statutes of limitations have no application to and are not controlling of the present case for the following reasons; namely,

(1) The trust involved in the controversy is a technical or express trust charitable in nature and perpetual in time and the statutes of limitation do not run in cases involving such trusts.

(2) The Indianapolis Humane Society, Inc., received the property in question from Eugene A. Mayl, the duly qualified and acting trustee of the fund in the year of 1940, said property being transferred by said trustee to the defendant upon the direction of the Probate Court of Montgomery County, Ohio.

Having thus received the property, its receipt was lawful or under the color of authority and could not have been taken away from the defendant, Indianapolis Humane Society, Inc., without a demand for the return of such property being first made upon the Society. Where a demand is a condition precedent and necessary to the bringing of an action, no action can be taken until such a demand is made upon the party in possession of the property and such demand refused. The demand in this case was first made in February of 1958 and the statute of limitations, if applicable at all, did not begin to run until such date.

(3) The only person capable of bringing an action for the recovery of the trust property from the defendant, Indianapolis Humane Society, Inc., would have been a lawful trustee. There was no lawful trustee in existence during the period from 1940 to February of 1958 and where there is no person in existence authorized to or capable of bringing an action, such statute of limitations does not begin to run until a qualified person comes into existence or becomes free to bring such an action. Inasmuch as Winn C. Hamrick was not appointed by the Probate Court of Montgomery County, Ohio, as trustee, until February of 1958, such statute of limitations, if applicable at all, began to run from such date and not before.

■ There is a rule of law, as contended by the plaintiff, to the effect that statutes of limitations will not begin to run in favor of the trustee of an express and continuing trust, until the trust is either repudiated by the trustee or terminated.

408

This rule, however, has no application to the present case. It applies only to cases where the controversy is between the trustee and the beneficiaries of the trust. It has no application to a case, such as this, involving a controversy between the trustee and a third person who claims to be the lawful trustee and entitled to the trust property. Raymond v. Simonson, 1835, 4 Blackf. Ind., 77, 87, 94; Jones v. Henderson, 1898, 149 Ind. 458, 461, 49 N.E. 443; Allen v. Deardorff, 1921, 14 Ohio App. 16, 19; Trustees of Proprietors of Kingston v. Lehigh Valley Coal Company, 1913, 241 Pa. 469, 88 A. 763, 765, 49 L.R.A.,N.S., 557; Little v. Mettee, 1936, 338 Mo. 1223, 93 S.W.2d 1000, 1009; Department of Banking v. McMullen, 1938, 134 Neb. 338, 278 N.W. 551, 556; Village of Dolton v. Harms, 1945, 327 Ill.App. 107, 63 N.E.2d 785, 792; 37 C.J. 918; 53 C.J.S. Limitations of Actions § 19, pp. 954–955; 54 C.J.S. Limitations of Actions § 178, p. 149; 54 C.J.S. Limitations of Actions § 180, p. 165; and 34 Am.Jur., Limitation of Actions, § 107, pp. 86 and 88.

There is also a general rule of law to the effect that where a person receives or comes into the possession of property under color of right and free of wrongdoing on his part, that no action can be brought against such person to recover the possession of such property until a demand for its return has first been made by the person entitled thereto and refused.

Where a demand is necessary to make the statute operative, of course, the cause of action does not accrue until such a demand has been made. This is a sensible rule of law and is based upon fairness and justice. A person who has come into possession of property free of culpability has committed no wrong and should not be subjected to the annoyance and expense of a suit for possession of the property until a demand for its return has first been made by the rightful party and refused. In such a case it is the refusal to return the property that consummates the legal wrong and furnishes the basis of the cause of action.

There must, however, be a limit to the time within which a demand must be made. It must be made within a reasonable time, in the absence of circumstances justifying or excusing a longer delay is, according to the cases, the time limited by the statute for the commencement of the action. High v. Board of Commissioners of Shelby County, 1883, 92 Ind. 580, 587–588; Newsom v. Board of Commissioners of Bartholomew County, 1885, 103 Ind. 526, 527, 530, 3 N.E. 163; Kraft v. Thomas, 1889, 123 Ind. 513, 24 N.E. 346; Hitchcock v. Cosper, 1905, 164 Ind. 633, 643–644, 73 N.E. 264; Gossard v. Gossard, 1945, 10 Cir., 149 F.2d 111, 112–113; Bauserman v. Blunt, 1893, 147 U.S. 647, at 657, 13 S. Ct. 466, 37 L.Ed. 316; Dean v. Iowa-Des Moines National Bank & Trust Company, 1940, 227 Iowa 1239, 281 N.W. 714, 290 N.W. 664, 128 A.L.R. 137, 140–142 and 34 Am.Jur., Limitation of Actions, § 119, p. 98. If the rule were otherwise, a party, by his own act, or failure to act, could preclude the running of the statute of limitations, until such time as might suit his interest or convenience or pleasure to put it in motion. High v. Board of Commissioners of Shelby County, supra; Newsom v. Board of Commissioners of Bartholomew County, supra; Gossard v. Gossard, supra; and Dean v. Iowa-Des Moines National Bank & Trust Company, supra. It could be ten, fifty or one hundred years. Such a rule would make a farce of the statutes of limitations. The demand and the commencement of the action for possession of the trust property must both take place within the period prescribed by the statute of limitations. High v. Board of Commissioners of Shelby County, supra; Newsom v. The Board of Commissioners of Bartholomew County, supra; and 34 Am. Jur., Limitation of Actions, § 119, p. 98. The question is not when was the demand made, but when could it have been made. Bauserman v. Blunt, supra, 147 U.S. at pages 660–661, 13 S.Ct. 466.

The claim of the plaintiff that the statute of limitations in this case began

to run from the date of the demand of plaintiff for possession of the trust property and its refusal which was over seventeen years after the action accrued is untenable. In the court's opinion the leading case in Indiana on this point is Jefferson School Township of Greene County v. School Town of Worthington, 1892, 5 Ind.App. 586, 590, 591, 32 N.E. 807. See also High v. Board of Commissioners of Shelby County, supra; Newsome v. Board of Commissioners of Bartholomew County, supra; Kraft v. Thomas, supra; Hitchcock v. Cosper, supra; Gossard v. Gossard, supra; Bauserman, v. Blunt, supra; Dean v. Iowa-Des Moines National Bank & Trust Company, supra; and 34 Am.Jur., Limitation of Actions, § 119, p. 98.

The Probate Court of Montgomery County in its decision appointing the plaintiff Hamrick as trustee in 1958 specifically found that the defendant Society took the trust property illegally. The facts as alleged in plaintiff's complaint in this present action do not bear this out.

■■ As contended by the plaintiff, there is considerable authority to the effect that where a cause of action exists in favor of some person or persons, but such cause of action can only be commenced and maintained by some personal representative, such as an executor, trustee, guardian, receiver, etc., that the statutes of limitations will not begin to run against the persons having the cause of action until such personal representative is appointed by the court.

■ This unquestionably is good law. When it becomes applicable, in the court's opinion, depends upon the facts in each particular case. The same reasoning applies in the case where the appointment of a trustee or other personal representative is necessary before an action can be brought as in the case where a demand is a condition precedent to the commencement of an action. If the delay in appointment of the trustee was chargeable to the court or some other governmental agency over which the aggrieved person had no control, the statutes of limitation would be tolled during such delay. On the other hand, if the delay was due to the action or inaction of the complaining party, the statute will not be stayed. See cases cited above. Also see 37 C.J., Limitations of Actions, § 326(b) and 54 C.J.S. Limitations of Actions § 200. A person who "has it in his power to make his cause of action complete must do so within a reasonable time." Jefferson County v. Summerville Borough Poor District, 25 Pa.Co.Ct.R. 374. The statute will not await the pleasure or convenience of the plaintiff.

The plaintiff in this case could have petitioned the court to appoint him as trustee seventeen days after the trust property was turned over to the defendant. No legal obstacle stood in his way. The delay of seventeen years was his delay. If he could with legal approval wait seventeen years, why not a hundred and seventeen years?

■ Statutes of limitations are statutes of repose and favored by the courts. Wood v. Carpenter, 1897, 101 U.S. 135, 139, 25 L.Ed. 807, 808. Statutes should not be construed so as to reach an absurd result. State ex rel. Glenn v. Smith, 1949, 227 Ind. 599, 604, 87 N.E.2d 813, 815.

The following quotation seems to sum up the law of the case:

"The law is pregnant with equity which requires a plaintiff, who has it in his power to make his cause of action complete, to do so within a reasonable time." Jefferson County v. Summerville Borough Poor Dist., 25 Pa.Co.Ct.R. 374.

For a general discussion of the question, see 54 C.J.S. Limitations of Actions § 200.

With respect to plaintiff's capacity to sue, the court does not believe that discussion of this proposition is necessary.

From the foregoing, the court concludes that the defendant's motion to dismiss should be, and the same is hereby sustained for the reason that the plaintiff's claim is barred by the Indiana statutes of limitations.