**GARY W. BRADCOCK, Plaintiff**

**v.**

**AMERICAN SAMOA GOVERNMENT, Defendant**

High Court of American Samoa
Trial Division

CA No. 184-94

August 31, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Cheryl Crenwelge

For Defendant, Henry W. Kappel, Assistant Attorney General

Order Denying Motion for Reconsideration:

On May 30, 1995, this court denied plaintiff Gary W. Bradcock's claim for relief under the Government Tort Liability Act on the basis of laches. Bradcock now moves for reconsideration, arguing that we should strictly follow our holding in *Mataipule v. Tifaimoana,* 16 A.S.R.2d 48 (Trial Div. 1990) *("Mataipule").* Bradcock further argues that our decision is erroneous because we did not hear evidence regarding the reasonableness of his delay in filing his case.

## DISCUSSION

This well-reasoned motion to reconsider presents an excellent illustration of our concern that, without legislative line-drawing, interpretation of the statute of limitations for government tort claims is inherently hazardous business. *Bradcock v. American Samoa Gov't,* *supra*, 28 A.S.R.2d 66, 68 n. 1 (Trial Div. 1995). Until the legislature creates separate limitation periods for filing the administrative claim and the subsequent lawsuit, it will remain difficult for the courts to vindicate legislative intent.

### I. The Mataipule Rule

According to Bradcock, *Mataipule* stands for the principle that a tort claim against the government accrues at the time the administrative claim is denied, and the timeliness of the administrative claim is governed by common law laches doctrine. Contrary to Bradcock's contention, we did in fact apply *Mataipule*, although questioning its validity. For this reason, the continuing vitality of *Mataipule* is not an issue which would change our decision. Our application of the "laches" segment of *Mataipule*, however, merits additional discussion.

### II. Laches

In Bradcock's case, we pointed to the fact that Bradcock waited almost 10 months after denial of the administrative claim to file his court action, unlike the *Mataipule* plaintiff, who had the court case ready and waiting as soon as the administrative claim was denied. We made this point only to illustrate the practical absurdity of allowing a laches period of almost two years prior to the filing of the administrative claim, and then an

183

automatic fresh two year period following the denial of the administrative claim. That interpretation of *Mataipule* could effectively create an unacceptable four year limitation period in which the government could be sued. This very problem was the basis for this court's later criticism of *Mataipule*.

> . . . a separate two-year limit for bringing the administrative claim could be imposed by analogy, the effect would be to give people injured by government employees four and one-half years to sue, in curious contrast to the two years given those who have been sued by private persons.

*Randall v. American Samoa Gov't*, 19 A.S.R.2d 111, 116 (Trial Div. 1991). The intent of the Government Tort Liability Act (A.S.C.A. § 43.1202 *et seq.*) is most certainly not to create a four-year limitation period in which the government can be sued in tort.

There are two rules which could potentially be used to interpret the laches analysis in *Mataipule*. One possibility provides a reasonable time within which the administrative claim must be filed or else the statute will accrue anyway, in effect an extension of the statute of limitations to allow for the filing of the administrative claim. The second possibility is to apply the statute of limitations by analogy.

## A. Reasonable Time

 In light of the *Randall* court's persuasive criticism of *Mataipule*, laches analysis should take into account the overall delay in bringing the action into court, and not merely the delay in bringing the administrative claim. Additionally, the *Mataipule* court approvingly quoted language of the California Court of Appeals:

> [W]hen plaintiff's right of action depends upon some act which he has to perform preliminarily to commencing suit, and he is under no restraint or disability in performance of such act, he cannot suspend indefinitely the running of the statute of limitations by a delay in performing such preliminary act, and . . . if the time within which such act is to be performed is indefinite or not specified, a reasonable time will be allowed therefor, and *the statute will begin to run after the lapse of such reasonable time.*

*Mataipule*, 16 A.S.R.2d at 53 (quoting *Valvo v. University of Southern California*, 136 Cal Rptr. 865, 869 (1977) (emphasis added)); *See also*

184

*Scates v. State*, 383 N.E.2d 491, 493 (Ind. 1978) (cited in *Mataipule*, 16 A.S.R.2d at 54). The foregoing language indicates that the statute of limitations may begin to run before the filing of an administrative claim if the prospective plaintiff unreasonably delays the administrative filing.[1] In the present case, the plaintiff delayed filing his court action for almost 10 months after denial of the administrative claim, which was too long a period in light of his 21 month delay prior to filing the administrative claim. In light of the *Randall* court's criticism of *Mataipule*, we should ordinarily limit litigants to some overall period resembling the two-year statute of limitations imposed upon litigants suing private defendants, while taking into account the extra time required for exhausting administrative remedies.[2]

## B. The Statute of Limitations Applied by Analogy

 Of the eight authorities cited by the *Mataipule* court in support of a "reasonable time" limitation for the filing of the administrative claim, only two directly utilize the term "laches." In one of those two cases the statutory limitation period was applied by analogy without resort to equitable considerations, because the plaintiff had unilaterally delayed (for longer than the limitations period) the filing of a claim with the Commissioner, which, if denied, would have perfected his right to sue, causing the statute of limitations to accrue. *Jackson v. Tom Green County*, 208 S.W.2d 115 (Tex. 1948). In the other case, the relevant court recognized an exception to the rule that a statute of limitations accrues when the right to sue is perfected, where the prospective plaintiff controls a condition necessary to perfect the right and unreasonably delays the fulfillment of the condition. *Wade v. Jackson County*, 547 S.W.2d 371, 374 (Tex. 1977). In the present case, Bradcock's obligation to exhaust his administrative remedies before filing suit was under his control. It is intuitive from a reading of both of the aforementioned cases that when the limitation period is applied by analogy, it should not later be applied literally, effectively doubling the limitation period. The statute of limitations may be applied by analogy to guide laches analysis where the prospective plaintiff has the power to perfect his right to sue, and he/she

---

[1] Under the facts of the *Mataipule* case, the statute could have begun to run at some time prior to the filing of the administrative claim, but clearly did not expire since the administrative claim was filed within two years following the injury, and the court action was effectively filed immediately following denial of the administrative claim.

[2] "The government's position effectively [and incorrectly] implies that the limitations period is not always two years but that in certain cases it is one year and nine months." *Mataipule*, 16 A.S.R.2d at 50.

185

unreasonably delays perfecting the right. If the delay in perfecting a right to sue is out of the plaintiff's control, the cause of action will unquestionably accrue when the right is perfected, but if the plaintiff controls the condition, he must perfect the right within a "reasonable time" which is measured using the limitation period as an analogy in the absence of circumstances justifying a longer delay. *Hamrick v. Indianapolis Humane Society*, 174 F.Supp. 403, 408-09 (S.D. Ind. 1959) (cited in *Mataipule*, 16 A.S.R.2d at 54). When deciding whether the plaintiff perfected his right to sue within a "reasonable time" the court may consider not only when the administrative claim was filed, but when it "could have been" filed. *See id.* at 408. The express purpose of this rule is to prevent the frustration of legislative intent by allowing a plaintiff to unilaterally extend his/her own limitation period. *Jackson* at 117-18; *Wade* at 374.

The underlying purpose behind the *Mataipule* rule was not to give litigants suing the government an extended limitation period based on non-sequitur equitable considerations as Bradcock implicitly contends. Rather, it was intended to prevent the "mauling of the statute" which would result if the government were permitted to sit idly by at its option, and watch the statute of limitations run on a tort claim which was filed with the Attorney General in a timely manner. *Mataipule,* 16 A.S.R.2d at 50, 55.

*III. Mataipule's Alternative Holding*

Our alternative holding in *Mataipule* tolls the statute of limitations during the pendency of the administrative claim on the theory that "filing an administrative claim with the Attorney General constituted the beginning of an action within A.S.C.A. § 43.1204, as the administrative claim was not an independent action but was the first and mandatory step in plaintiff's recourse to the courts." *Mataipule,* 16 A.S.R.2d at 56. It is clear that Bradcock's case is further barred by a strict application of the alternative holding of *Mataipule*, which, in our view, is clearly valid law and takes into account the extra time required for a litigant to exhaust administrative remedies.

## CONCLUSION

*Mataipule* essentially stands for the principle that the government may not simply delay decisions regarding timely filed tort claims while the statute of limitations runs to the detriment of the claimant. *Mataipule* should not be read to permit the claimant to purposely avoid the statute of limitations by failing to file his/her administrative claim until the eleventh hour, and

186

then expect a fresh limitation period when the claim is denied. In the present case, allowing a fresh two-year period following the denial of the administrative claim would amount to judicially creating a statute of limitations of almost four years. To do so would defeat legislative intent. We therefore deny the plaintiff's motion to reconsider.

It is so ordered.